### WILSON *v.* O'BRIEN.

MOTION FOR NEW TRIAL.—It is now a well-settled doctrine on that subject that before a party can bring a case into the supreme court from a district court, he must first have made his motion for a new trial in that court in writing and assigned his reasons therefor.

IDEM.—A motion for a new trial must be interposed within three days after the verdict is rendered.

IDEM.—The district court must first have the opportunity to review the errors complained of, which must be assigned in such motion before the party complaining can bring the case to the supreme court for review.

ERROR to First District Court for Laramie County.

Judgment was rendered in this action in the district court for the plaintiff, N. J. O'Brien, and against the defendant Wilson. Said defendant then instituted proceedings in

error in the supreme court without having either made a motion in the court below for a new trial, or having a bill of exceptions allowed and signed by the judge of that court. Whereupon the counsel for the defendant in error moved to dismiss the proceedings in the supreme court for the reasons above stated.

*W. W. Corlett and E. P. Johnson,* for plaintiff in error.

*I. W. Cook and W. R. Steele,* for defendant in error.

By the Court, KINGMAN, J. This cause comes into this court by appeal. It appears from the record that the case was tried by a jury, Howe, C. J., presiding, and a verdict rendered for the plaintiff. No motion for a new trial was interposed, and three days after the day on which the verdict was rendered judgment was duly rendered by the court upon the verdict for the plaintiff. The defendant assigns as reasons for the reversal of the judgment, the rulings of the district court in rejecting evidence offered by him to dispute and contradict the receipt ruled on, and in admitting evidence offered by the plaintiffs, etc.

We have already held in another case at this term, and such seems to be the well-settled doctrine on that subject, that before a party can bring a case into this court from the district court, he must first have made his motion in that court in writing and assigned his reasons therefor, and under our statute this motion must be interposed within three days after the verdict is rendered. Unless this is done, and the motion overruled by the district court, this court will not take cognizance of the case to review the alleged errors of the district court. That court must first have the opportunity to review the errors complained of, which must be assigned in the motion for a new trial before the party complaining can bring the case here for review. And when this is done, this court will only consider such alleged errors of the district court as are set forth in the motion for a new trial: 1 Nebraska, 398, and numerous cases there cited.

We have, however, in this case looked carefully into the record and considered the errors alleged, and are fully satisfied that the rulings of the district court were correct, and that there is no error in the record; that the judgment of the district court, on the merits of the case, was right, and that the judgment ought to be affirmed: Drake on Attachments, 381, and cases there cited.

Judgment affirmed.