# JANUARY TERM, 1904.

### LOWRY v. LOWRY.

DEEDS—REFORMATION—NAME OF GRANTEE—EVIDENCE.
> Where, in a suit to have complainant's name substituted for
> that of his deceased wife as grantee in a deed, under a claim
> that he furnished the purchase money, and directed that the
> title be taken in their joint names, it appeared that, while he
> learned of the condition of the deed soon after its execution,
> he lived happily with his wife until her death, 11 years there-
> after, and during such time permitted her to deal with the
> property as her own, frequently spoke of it as hers, and
> denied the right of his creditors to take it in payment for his
> debts, he was not entitled to relief.

Appeal from Washtenaw; Kinne, J. Submitted Octo-
ber 8, 1903. (Docket No. 15.) Decided January 5,
1904.

Bill by John Lowry against Durward Lowry, Eva F.
Lowry, and John D. Lowry to reform a deed. From a
decree for complainant, defendants appeal. Reversed.

*Seth C. Randall*, for complainant.

*Lawrence & Butterfield* (*M. J. Cavanaugh*, of coun-
sel), for defendants.

CARPENTER, J. Defendant Durward is the son of com-
plainant, defendant Eva is the wife of Durward, and the
other defendant, John D., is their infant son. The bill is
filed to obtain a decree changing the name of the grantee
in a deed bearing date December 26, 1889. By this deed
one Catherine E. Jones conveyed a certain lot in the city
of Ann Arbor to Helen M. Lowry, the wife of complain-
ant and the mother of defendant Durward. Shortly after

the deed was made, a house was erected upon the lot, and it was used as the homestead of complainant and said Helen until the death of the latter, October 31, 1900. During this time said Helen executed three different mortgages, bearing date, respectively, December 23, 1890, February 21, 1895, and September 20, 1900. Complainant furnished the money paid for this lot, and it is his claim that, in taking the title in her own name, his wife disregarded his instructions to take the title in the joint names of her and himself, and that she subsequently refused to repair the wrong done. The trial judge, after listening to the testimony, taken in open court, granted complainant relief.

There is just one question raised on this appeal, and that is whether the lower court correctly disposed of the issue of fact. Though the testimony in the case is conflicting, we are convinced that complainant knew, soon after this deed was executed, that his wife was the sole grantee named therein; that he lived happily with her from that time until she died; that during this time he not only permitted her to deal with the property and mortgage it as her own, but he often, if not habitually, spoke of it as hers, and denied the right of his creditors to take it in payment of his debts. We cannot avoid concluding from this testimony that complainant consented to the action of which he now complains, and that he was not, therefore, entitled to the decree appealed from.

Defendants' counsel does not ask that the bill of complaint be dismissed. Speaking for his clients, the adult defendants, who alone are interested in the property, he expresses their willingness that the decree should be so modified as to secure to complainant a life estate in the property, and the reversion to the defendant Durward. Under these circumstances, such a decree will be made. Defendants will recover costs of both courts, which, however, will not be enforced against the life estate of complainant.

The other Justices concurred.