## TODD ET AL. v. PETERSON, AS ADMINISTRATOR, ETC.

APPEAL AND ERROR—MANDATORY STATUTE—MOTION FOR NEW TRIAL—TIME FOR FILING—NUNC PRO TUNC ORDER.

1. Although the case was tried to the court below, without a jury, no ground of error will be considered which might properly have been assigned as a ground for new trial in

. the court below, unless it appears by the bill of exceptions that the same was so presented.

2. The statute fixing the time within which a motion for new trial may be filed is mandatory.

3. A paper in a cause cannot be said to be filed unless it be delivered to the proper officer to be by him received and kept on file.

4. Except in the case of newly discovered evidence, the right to file a motion for new trial and have it considered is lost after the expiration of the statutory period of ten·days, unless it appear· that the party was "unavoidably prevented" from filing it within that time.

5. The term "unavoidably prevented" will not excuse negligence of the applicant or his attorney; that term usually refers to circumstances beyond the control of the moving party.

6. Where a cause was brought and tried in one county, and it was stipulated that the judge might decide the cause in chambers in another county of the same district, and that the judgment should be sent to the clerk of court in the former county, and by him entered of record the same as if the judge was present in that county, and that the judgment should have the same effect as if entered in term time; *Held*, (1) that the place for filing motion for new trial was the office of the clerk of the court in the county where the cause was pending and had been tried; (2) that a motion filed in that office after the expiration of the statutory period was not filed in time; and (3) the fact that a motion for new trial had been filed in the office of the clerk of the other county, within the statutory period, did not authorize a *nunc pro tunc* order permitting its filing as of the same date in the proper county.

[Decided August 1, 1905.]                         (81 Pac., 878.)

ERROR to the District Court, Johnson County, HON. JOSEPH L. STOTTS, Judge.

Heard on motion to strike the bill of exceptions from the files and ‚dismiss the proceeding in. error. The facts are stated·in the opinion.

*E. E. Enterline* and *Alvin T. Clark,* for defendant in error, for the motion.

The filing of a motion for a new trial in the office of the clerk of court of Sheridan County was not a compli-

ance with Section 3748, prescribing the time for filing such a motion, as the cause was not pending in that county. The District Court sitting in Johnson County had no authority to permit the motion for a new trial to be filed in that county as of the date when such motion had been filed in Sheridan County; and under no circumstances can a motion for a new trial be dated back. The statutes fixing the time for filing motions for new trial are mandatory; and such a motion cannot be filed after the time limited except by a showing of the applicant under the exceptions mentioned in the statute. (Kent v. Upton, 3 Wyo.; 43; McLaughlin v. Upton, id., 48; Casteel v. State, 9 Wyo., 267; Boswell v. Bliler, id., 277.) The same principle has been applied in the Supreme Court with reference to the filing of briefs. (Cronkhite v. Bothwell, 3 Wyo., 739; Cook v. Bank, 79 Pac., 18.) It cannot be successfully urged that the plaintiffs in error were unavoidably prevented from filing their motion within the prescribed period. The motion itself as filed in Sheridan County laid the venue in Johnson County, and it is apparent that the filing of the motion in the wrong county was the result of negligence merely, and not of unavoidable casualty or misfortune.

*William E. Sweeney,* for plaintiffs in error, *contra.*

Plaintiffs in error had no legal notice of the rendition of the judgment, as shown by the affidavits on file. A motion for a new trial is unnecessary to give this court jurisdiction to review errors assigned in a cause which has been tried in the court below without a jury. Where the trial has been to the court without the intervention of a jury, the trial judge does not exercise merely a supervisory authority; his duty extends further than to see that the trial proceeds according to law—he is the judge of both the facts and the law. It must be assumed that he has heard all the evidence and considered the arguments of counsel. It must be assumed that the judgment rendered by him is

his best conclusion on all the issues both of law and fact presented during the trial of the case. Upon a motion for a new trial there would be no argument not already made upon the trial, and it would seem a useless procedure to require such a motion to be made under those circumstances as a condition precedent to presenting the errors to an appellate court. The distinction between a trial to the court and before a jury with particular reference to the point under discussion is clearly drawn by the Supreme Court of Tennessee in the case of Lancaster's Heirs v. Fisher, 28 S. W., 1094.

POTTER, CHIEF JUSTICE.

This cause was submitted upon the motion of defendant in error to strike the bill of exceptions from the record and to dismiss the proceeding in error. The ground of the motion is that every question involved in the case could have been properly assigned as ground for a new trial in the court below, and that no such motion was filed within the time required by law.

It appears from the record in the cause that the defendant in error brought separate actions in the District Court in Johnson County against Hilda Todd and the Kingsbury-Todd Company, respectively, and that the said causes were consolidated for the purpose of trial by the order of the court upon the consent of all the parties, and were tried and determined on the same evidence, and taken under advisement by the court, on the 1st day of October, 1903. On March 29, 1904, an order was entered in open court, by and with the consent of the parties, providing, in substance and effect, that the judge of said court might decide said causes at chambers in Sheridan County (in the same judicial district), and that the judgment should be sent to the clerk of the court in Johnson County and by him entered of record the same as if the judge was present in that county; each party to have an exception thereto, and the judgment to have the same effect, and the rights of the

parties to be the same, as if entered in term time with the judge present and presiding. The order also provided that, if any motions for a new trial should be filed by either or both parties after a determination of the consolidated causes, the same might be heard and determined by the judge at chambers, in Sheridan County, and an order therein sent to the clerk of the court in Johnson County to be entered of record; each party to have an exception thereto, and the said order to have the same force and effect as if entered in term time. The statute (Sec. 3612, R. S. 1899) authorizes any cause, action or matter that has been heard by the court or judge to be decided out of term and in such case requires the order or judgment to be filed and entered in the office of the clerk of the District Court of the county wherein the action or proceeding is pending. The consent order was doubtless based on that statute.

On August 15, 1904, the judge rendered his decision and judgment in writing, finding generally for the plaintiff and against the defendants, assessing the plaintiff's damages in the sum of $1,200 with interest, amounting in the aggregate to $1,355.72, and awarding to the plaintiff judgment against the defendants for that amount, together with costs. That judgment was filed with the clerk of the District Court of Johnson County, wherein the cause was pending on August 17, 1904, and entered as of its date, viz: August 15, 1904.

No motion for new trial was actually filed, or left for filing, in the court where the action was pending, and where the judgment had been rendered and filed, until September 7, 1904, more than ten days after the rendition and filing of the judgment. On that date a motion for new trial was filed with the clerk of said court. But the bill of exceptions discloses a similar motion bearing an endorsement showing its filing by the clerk of the District Court of Sheridan County on August 18, 1904, and also the endorsement of the clerk of the District Court of Johnson

county showing its filing by him on the same date. The bill explains those endorsements in substance as follows: The motion was delivered to the clerk of the District Court of Sheridan County, and by him received and filed on the date mentioned. On September 7, 1904, the defendants filed a motion asking that the motion for new trial filed on that date be ordered filed as of August 18, 1904, for reasons set forth in the affidavit of one of the counsel for defendants. Briefly stated, those reasons were that the associate counsel, residing in Sheridan County, supposing the causes to have been transferred to that county for all purposes, had, on August 18, filed in the District Court of that county a motion for new trial of said causes, and had informed the deposing counsel, who resided in Johnson County, that the motion had been filed in due time, upon which information the latter counsel relied, and, therefore, took no steps to file a motion until September 7; and that he had no actual notice that the judgment had been filed with the clerk in Johnson County until after the expiration of the statutory period of ten days from the rendition of the judgment. A counter affidavit was filed by counsel for plaintiff in support of a motion resisting the motion for the *nunc pro tunc* order, showing that on August 17 the judgment was exhibited to deposing counsel for defendants, and that he was then informed that the same would at once be filed with the clerk, which was done on the same day.

On September 26, 1904, which we understand to have been a day of the subsequent term, the motion for new trial, as well as the accompanying motion for a *nunc pro tunc* order, came on for hearing, and the latter motion was sustained, the clerk being ordered to file the motion for new trial as of August 18, 1904, to which plaintiff excepted; and thereupon the clerk endorsed the motion previously filed in Sheridan County as filed in Johnson County on the last mentioned date. The motion for new trial was thereupon overruled and defendants excepted.

It is contended that the trial court was without power to order the filing of a motion for new trial *nunc pro tunc*,

so as to give defendants, plaintiffs in error here, any standing in this court to complain of the rulings preserved by the bill of exceptions, for the reason that no such motion had in fact been filed in time. The statute provides: "The application for a new trial must be made at the term the verdict, report or decision is rendered; and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be made within ten days after the verdict or decision is rendered, unless such party is unavoidably prevented from filing the same within such time." (R. S., Sec. 3748, as amended by Laws 1901, Ch. 66, Sec. 1.) The succeeding section (3749) provides that the application must be made by motion, upon written grounds, filed at the time of making the motion.

By a long line of decisions it has uniformly been held by this court that no ground of error will be considered which might properly have been assigned as a ground for a new trial in the court below unless it appears by the bill of exceptions that the same was so presented. Rule thirteen expresses that proposition as follows: "Nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court, unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was overruled and exception was at the time reserved to such ruling, all of which shall be embraced in the bill of exceptions. The ruling of the court below upon each matter presented by a motion for a new trial shall be sufficiently questioned in this court by an assignment that the court below erred in overruling such motion for a new trial."

The statute fixing the time within which a motion for a new trial may be filed is held to be mandatory. (Kent v. Upton, 3 Wyo., 43; McLaughlin v. Upton, 3 Wyo., 48; Boswell v. Bliler, 9 Wyo., 277; Casteel v. State, 9 Wyo., 267.) A paper cannot be said to be filed in a cause unless

it be delivered to the proper officer to be by him received and kept on file; but it has been very properly held that when the paper is delivered to the proper officer for the purpose of having the same filed it is to be treated as filed whether the officer endorses the filing mark on the same or not; and in such case where the officer has failed to perform the clerical act of placing the filing endorsement thereon, a *nunc pro tunc* order would no doubt be proper requiring the officer to properly mark and enter the paper as filed as of the date delivered to him at his office for that purpose. (Wescoatt v. Eccles, 3 Utah, 258 (2 Pac., 525); Snell v. Ry. Co., 88 Ia., 442; Hook v. Fenner (Colo.), 32 Pac., 614.) In the case cited from Colorado the court said: "The duty of a party required to file any paper would seem to be discharged when he has placed the same in the hands of the proper custodian, at a proper time, and in a proper place. If a paper in a case is placed as a permanent record in the office of a justice of the peace, this ought to be sufficient, no matter if the justice fail to perform the mere clerical act of endorsing it as filed." In the Iowa case, *supra,* it was held that the lower court properly ordered a pleading to be entered upon the appearance docket at the time it was delivered to the clerk and marked "filed"; it appearing that the pleading had been actually delivered to the clerk on a certain date and so marked by him, but that no memorandum of its filing had been entered on the appearance docket.

It is obvious that the causes were at no time pending in the District Court of Sheridan County, and that the clerk of that county was not the proper person to receive and file, nor his office the proper place for filing, the motion for new trial in question. It is clear that the parties had not discharged the duty incumbent upon them as a condition precedent to the consideration by this court of the alleged errors constituting proper grounds for such a motion by filing a motion for a new trial in the office of the clerk in Sheridan County. Such attempted filing of the motion

would seem to be rather the result of pure inadvertence than lack of understanding of the situation, and the court in which the causes were pending, since such motion itself stated the proper venue of the action. In New Eng. Mortg. Co. v. Collins, 115 Ga., 104, it was held that as the proper office in which to file a motion for a new trial was that of the clerk of the court in which the case was tried, it amounted to no filing at all to leave such a motion in the office of the judge, under the care of his special bailiff.

Plainly, no motion for a new trial was filed in the proper office, viz: the office of the clerk of the District Court of Johnson County, within ten days after the decision was rendered, for no attempt was made to file it in such office until September 7, 1904, while the judgment was dated August 15, and was filed August 17, 1904. Except in the case of newly discovered evidence, the right to file the motion and have it considered is lost after the expiration of the statutory period of ten days, unless it appear that the party has been "unavoidably prevented" from filing it within that time. No application was made for an extension of time, nor to permit a filing after the expiration of the time allowed by the statute, on the ground that the parties had been unavoidably prevented, nor is newly discovered evidence a ground of the motion. Neither did the court find that the parties had been unavoidably prevented from filing the motion within the prescribed period. We are not, therefore, considering an order granted within the exception provided by the statute. It is evident that, as a basis for the *nunc pro tunc* order, the filing in Sheridan County was considered as an attempted filing of the motion, and upon the record that must be regarded as the only ground for the order.

It was clearly not a sufficient compliance with the statute to authorize an order permitting the motion to be filed *nunc pro tunc,* for the reason that it was not an attempt to file it in the proper place or with the proper officer. The motion itself described the action as pending in Johnson

County, strongly, if not conclusively, indicating the correct understanding of counsel as to the court wherein the judgment was rendered.

In Hecht v. Heimann, 81 Mo. App., 370, it was held to be beyond the power of the parties to stipulate for the filing of such a motion at a subsequent term, the statute requiring it to be filed before the end of the term. In Beeler v. Sandidge, 49 S. W., 533 (Ky.), it was held improper at a subsequent term by an order *nunc pro tunc* to allow the filing of written grounds for new trial, where none had been filed or tendered within the time prescribed by the code. In Iowa the lower court was sustained in its refusal to order the filing *nunc pro tunc* of a paper which had not been filed in fact. (Winkleman v. Winkleman, 79 Ia., 319.) And under a statute requiring notice of an intention to appeal to be filed within six months, and that, upon failure to so file the same, the appeal shall be regarded as dismissed, the provision was held mandatory, and that it was not proper, after the expiration of the prescribed period, to grant leave to file the notice *nunc pro tunc*. (Yturbide's Executors v. U. S., 22 How. (U. S.), 290.)

The order, in effect, allowed the defendants to file their motion after the prescribed period had expired, thus attempting to restore them to a right lost through their neglect. In Casteel v. State, 9 Wyo., 267, it was held that the District Court has no power to permit the filing of a motion for new trial after the party's right to file the same has become barred by the statute; the court saying: "The right of the defendant was lost by operation of law, and the court has no power to restore it."

Although the application of defendants does not seem to have been presented upon the theory that they were entitled to an extension of time as a result of having been unavoidably prevented from previously filing it, we might perhaps have regarded the action of the court as granting an extension, or of allowing it filed after the ten days' limitation, upon such ground, had the circumstances justified

it. But that was not given as the ground for the order, nor was there a showing of any such ground. The term "unavoidably prevented" cannot be held to excuse negligence of the applicant or his attorney; it usually refers to circumstances beyond the control of the moving party. (14 Ency. Pl. & Pr., 861, 862.) The order must be held unavailing to give the motion any standing in this court. The motion must be considered as filed September 7, 1904, after the time therefor had expired.

It appears, and the contrary is not claimed, that all of the errors assigned are such as would be proper grounds for a motion for a new trial; and that the case presents no question not depending upon the bill of exceptions to authorize its consideration. But it is contended that as the case was tried to the court without a jury, a motion for new trial was not required. Counsel argues that the same reasons for the presentation of the questions by such a motion to the lower court do not exist where the cause is heard by the court instead of a jury. In that we think counsel is mistaken, as well as in assuming that this question has not been heretofore considered by this court. The rule has been applied in several cases where the trial was had without the intervention of a jury. (Perkins v. Hoyt, 3 Wyo., 56; Wyo. Loan & Trust Co. v. Holliday, 3 Wyo., 385; Bank v. Anderson, 7 Wyo., 441; Freeburgh v. Lamoreux, 73 Pac., 545.)

The rule of this court makes no such distinction as that contended for. Its language is: "Nothing which could have been properly assigned as a ground for a new trial in the court below will be considered in this court, unless," etc. A new trial as defined by statute is a re-examination in the same court of an issue of fact, after a verdict by a jury, a report of a referee or master, *or a decision of the court.* (R. S. 1899, Sec. 3746.) It is unnecessary to here reiterate the substantial reasons, so frequently explained in previous decisions, for the requirement that alleged errors which constitute grounds for new trial shall, by motion

therefor, be first presented to the court below, as a condition precedent to their consideration in the appellate court. The case of Seibel v. Bath, 5 Wyo., 409, does not disregard the rule, as counsel seems to suppose. It was there held that an assignment of error that the judgment is not sustained by the special findings can be considered in the absence of a motion for new trial, for the reason that such an alleged error is not a ground for new trial. In that case the plaintiff in error accepted the findings, insisting only that they did not support the judgment. A new trial was manifestly unnecessary to dispose of such contention. That is not the situation in the case at bar. The finding was general in favor of the plaintiff and clearly supports the judgment. It is assigned as error, however, that the court erred in so finding. The other assignments of error are in substance that the court erred in overruling the motion for new trial, in excluding and admitting evidence on the trial of the cause, in assessing damages against defendants, and that judgment should have been given for defendants; the last mentioned assignment evidently meaning that the defendants were entitled to a judgment upon the evidence.

There is no escape from the conclusion that the motion for new trial was filed after the time permitted by the statute had expired. The motion of defendant in error must, therefore, be granted, which results in striking the bill of exceptions from the record, and no question remaining for consideration, the cause will be dismissed.     *Dismissed.*

BEARD, J., and VAN ORSDEL, J., concur.