## ROSS v. STATE.

APPEAL AND ERROR—EXCEPTIONS—CRIMINAL LAW—ASSAULT—ASSAULT WITH INTENT TO COMMIT RAPE—UPON FEMALE UNDER AGE OF CONSENT — INDICTMENT AND INFORMATION — INSTRUCTIONS — UPON LOWER GRADES OF OFFENSE—INTENT—EVIDENCE—BRIEF—REHEARING.

1. Error assigned upon the overruling of a motion to instruct the jury to return a verdict for the defendant in a criminal case when the state rested its case cannot be considered when the record fails to show an exception to the ruling.

2. In a prosecution for an assault upon a female child under the age of consent with intent to commit rape, an instruction is not objectionable as defining a crime unknown to the statute which states that an attempt of a man to carnally know a female child under the age of six years would be an attempt to commit a violent injury to such child as alleged in the information, since it does not purport to describe a complete crime, but merely one of the elements of assault as charged in the information.

3. To have carnal knowledge of a female under the statutory age of consent is rude, as well as unlawful, and within the contemplation of the statute defining assault, constitutes a violent injury.

4. An information alleged that defendant "did unlawfully and feloniously attempt to commit a violent injury on the person

of (name), a female child under the age of 18 years, he, the said (defendant), having then and there the present ability so to do, with intent then and there to ravish and carnally know the said (child)." *Held*, (1) a statutory assault is alleged. (2) An assault being alleged in the language of the statute, coupled with an averment of the specific felonious intent, the information is good for assault with intent to commit rape.

5. Where elements not existing in the similar common law offense are contained in the statutory definition of a crime, the courts are not bound in construing the statute by the construction which obtained with reference to the common law offense.

6. Since the word "ravish" does not occur in the statutory definition of rape, its use is not necessary in an indictment or information charging that crime under the statute, and when used it may be treated as surplusage.

7. In an information charging an unlawful and felonious assault with intent to ravish and carnally know a female child under the statutory age of consent, the word "ravish," as presupposing force in the assault, may be treated as surplusage, since the intent, in such case, will be felonious whether the accused contemplated resistance on the part of the female or not.

8. Carnal knowledge of a female under the statutory age of consent, as well as at common law when the female is under the age of ten years, is conclusively presumed to have been accompanied with force and against consent.

9. Since, by statute, a female under the age of eighteen years is legally incapable of consenting to carnal knowledge of her person, she is incapable of consenting to an assault upon her with intent to commit rape.

10. Upon a charge of assault with intent to commit rape upon a female under the statutory age of consent, it is immaterial whether she consented to the act constituting the assault or resisted.

11. Physical resistance, as implied in an assault, is not a necessary element in an assault with intent to commit rape upon a female under the statutory age of consent, as, under the statute, she has no legal capacity to consent to the act of carnal knowledge, and every act done in furtherance of a purpose to know her carnally is unlawful and felonious, and, if such acts would constitute an assault if done without her consent, no act of hers can waive the assault.

12. In a prosecution for assault with intent to commit rape upon a female under the statutory age of consent, an instruction was properly refused which required that, in order to convict, the jury should be satisfied that the intent of the accused was to have carnal knowledge of the child's person at all events and notwithstanding any resistance on her part.

13. When the evidence on a criminal trial shows the accused to be either guilty of the higher grade of the offense charged, or not guilty, the court is not required to instruct upon the lower grades.

14. The evidence showing that defendant was either guilty of assault with intent to commit rape as charged, or not guilty, and simple assault was not proven, nor assault and battery charged, it was not error to refuse an instruction that the jury might find the defendant guilty of assault, if not satisfied that the assault was committed with the felonious intent to commit rape.

15. Whether an assault was committed with the felonious intent charged in an indictment or information is to be determined by the jury upon a consideration of all the facts and surrounding circumstances as disclosed by the evidence.

16. The evidence in a prosecution for assault with intent to commit rape upon a girl six years of age held sufficient to justify a conviction.

ON PETITION FOR REHEARING.

1. The competency of a particular witness is not presented where the only question upon the evidence discussed in counsel's brief is its sufficiency and weight.

2. Where a question as to the competency of a witness for the other party was not presented or referred to in the brief of counsel, it is not properly raised for the first time on petition for rehearing.

3. Alleged incompetency of a witness for the other party cannot be considered on error where it was not assigned as a ground in the motion for new trial, nor assigned as error.

[Decided January 20, 1908.]    (93 Pac., 299.)
[Rehearing denied March 9, 1908.]    (94 Pac., 217.)

ERROR to the District Court, Sheridan County, Hon. CARROLL H. PARMELEE, Judge.

Assault with intent to commit rape upon a girl under the statutory age of consent. The defendant, Charles Ross, was convicted, and prosecuted error. The facts are stated in the opinion.

*S. P. Cadle*, for plaintiff in error.

The evidence is not sufficient to sustain the verdict. The instruction that an attempt to carnally know a female child under the age of six years, whether with or without her consent, is an attempt to do a violent injury to such child was error. There is no such crime in this state. The crime of rape implies force and resistance; two things must have concurred in order to convict the defendant: First, there must have been an assault, coupled with an intent to commit rape upon the person assaulted. An assault implies force on one side and repulsion, or at least want of consent, upon the other, and there was not a scintilla of evidence to show any force used or any resistance offered, and for this reason the motion to direct a verdict for defendant should have been sustained. (State v. Smith, 12 O., 466; State v. Pickett, 11 Nev., 255; State v. Hagerman, 47 Ia., 151; State v. Canada, 27 N. W., 288; State v. Kendall, 34 N. W., 844; State v. Fleming (Cal.), 29 Pac., 647.)

The refusal to instruct that defendant might be found guilty of assault, if the intent to rape was not found to be proven, when such instruction was requested, was error. There is no evidence in the case of actual violence. If the defendant was guilty at all there must have been an actual assault, and we maintain that this question should have been submitted to the jury; had there been any evidence of actual violence to the person of the child, then it might have been proper to refuse to submit the question of assault. (State v. Vinsant, 49 Ia., 241; State v. Pennell, 8 N. W., 686; State v. Trusty, 92 N. W., 677; State v. Egbert, 101 N. W., 191.) The crime of assault with intent to commit rape is not created or defined by the statute. A

prosecution for such a crime must come under Section 4956. It may be conceded that if defendant had used force and violence upon a female over the age of consent, with the intent to ravish and carnally know her, the crime of felonious assault would have been committed, and he might have been convicted of such felonious assault. There being no such crime as assault with intent to commit rape known in this state, it cannot be assumed that the pleader intended to charge such an offense. The information, omitting all reference to the felony, is complete under Section 4957, charging an assault. It is a rule in criminal pleading that the indictment will be sufficient if the crime is charged substantially in the language of the statute. Applying this rule to the case at bar, we have every ingredient of Section 4957 included in the information, to which is added the· charge with intent to commit a felony.

It is contended by the defendant that these words, giving the information its true meaning, are merely surplusage. They might have been omitted from the information and the crime of assault would have been completely charged. The words constituting an assault were wholly unnecessary in an information under Section 4956. Defendant, therefore, contends that the court erred in each instruction given to the jury in which a felonious assault was submitted for their consideration. The instruction should have been that if the jury found the defendant guilty, it should be only of assault. The extreme youth of the girl suggests the possibility of the defendant having committed a violent injury upon her. But, assume that she was sixteen years of age, and willing to submit to defendant, such would not necessarily be true. Yet the statute makes no distinction, so far as statutory rape is concerned, between a child of twelve and a more mature woman of seventeen. The court would not employ the fiction necessary to hold that preparation to have intercourse with a woman seventeen years of age, with her consent, was an assault with intent to commit a violent injury upon her. And yet that is necessary to constitute

(10)

an assault within the definition of Section 4957. The state-
ment of the above proposition is conclusive that the intent
of the legislature was not to provide punishment for the
offense, for which the defendant was convicted. Assault,
whether we adopt the meaning approved in State v. Wyatt,
41 N. W., 31; Hayes v. People, 1 Hill, 351; State v. God-
frey, 20 Pac., 625; List v. Miner, 49 Atl., 856; Prince v.
Riddge, 66 N. Y. Supreme, 454; Lane v. The State, 4 So.,
730; and many others, or the definition embraced in Sec-
tion 4957, implies force and not consent. By no fiction of
the law will consent be made to mean force. Many states,
including Wyoming, have made improper relations with a
female, under a certain age, with her consent, a crime, and
some statutes have called it rape. The name given it by
the statute adds nothing to the crime, and, in no sense,
brings it within the definition employed to define the offense
at common law. There is no evidence or thought of re-
sistance in this case; in fact the child had not the slightest
conception of the purpose or intention of the defendant.
If the testimony of the State be conceded to be true, the
defendant may have had the present ability to do a violent
injury upon the girl, but no force whatever was employed
or attempted. Therefore, no assault was committed. We
do not mean to say that the common law offense may not
be committed upon a female under the age of consent.
The same force might be used upon such a person as an
older one, but we do say, and the authorities sustain the
contention, that there can be no assault, or an assault with
intent to commit the crime, so long as the offender offers
no force, and the female no physical resistance.

The courts uniformly make a distinction between an at-
tempt and assault with the intention of committing a crime,
and the mere preparation to commit a crime without any
act having been done toward the commission of the offense.
(State v. Long, 37 A. S. R., 505; Johnson v. State, 43
N. W., 425; Fox v. State, 34 O. St., 377; Kelly v. Com.,
1 Grant, 484 (Pa.); Franklin v. State, 29 S. W., 1088;

Patrick v. People, 24 N. E.; 619; People v. Youngs, 31 N. W., 114; People v. Webb, 86 N. W., 406.) As charged in the information, the attempt to commit a violent injury consisted only of the intention of the defendant to carnally know the girl. The information was demurrable, but as it charged no crime whatever, the court erred in overruling defendant's motion for a verdict, and in giving each instruction submitted to the jury. As to the error in the instructions we cite, in addition to the others, State v. Krum, 28 N. W., 278.

*W. E. Mullen,* Attorney General, for the State.

Defects in the form of an indictment or information, or in the manner in which the offense is charged, may be met by motion to quash. (R. S., 5322; Wilbur v. Ter., 3 Wyo., 268; Koppala v. State, 89 Pac., 576.) Or by demurrer, when the facts stated in the indictment or information do not constitute an offense. (R. S., 5324.) Defects which may be excepted to by motion to quash or plea in abatement, will be taken to have been waived by demurring, pleading in bar, or not guilty. (R. S., 5326; Wilbur v. Ter., *supra;* Tway v. State, 7 Wyo., 74; Koppala v. State, *supra.*) A motion in arrest may be granted for want of jurisdiction or when the facts stated do not constitute an offense. (R. S., 5418.) No exception was taken by either of the methods indicated. And there is no apparent reason why exceptions of the kind should have been taken. The information was exceptionally well prepared and clearly sufficient. Counsel displays a misconception of the object and intent of Section 4956, Revised Statutes. "Felonious assault" is not made a specific offense by the section, and any assault and battery with intent to commit any offense enumerated as a felony by statute, comes within its provisions. An information which charges assault, or assault and battery, in the language of the section defining either of them, followed by an averment of intent at the time, to commit a felony, describing the felony in the language of

the section defining it, is good. (Bryant v. State, 5 Wyo., 376.) That the information here charges an assault, including all of the ingredients of that offense as defined by statute, and also charges a felonious intent to commit statutory rape, setting forth all of the ingredients of that offense as defined by statute, there can be no question. Counsel has erroneously assumed that an offense of this character must be charged under some specific section of the statutes, whereas, the information relates to three separate and distinct sections of the statute. (Secs. 4956, 4857, 4864, R. S. 1899.) These statutes, taken from Indiana, had, at the time of their adoption, been construed by the highest court of that state, and the practice with reference to their application to cases of this character was well settled. Under a well established rule, the construction given them by the Indiana court was likewise adopted here. In that state indictments similar to the one here are approved. (Dooley v. State, 28 Ind., 239; Greer v. State, 50 Ind.; McGuire v. State, 50 Ind., 284; Shaggs v. State, 108 Ind., 853; Polson v. State, 137 Ind., 525; State v. Duggin, 146 Ind., 427.)

The offense of assault, under the statute, is not the actual commission of a violent injury on the person of another, but an attempt to do so. Just what acts would constitute an "attempt" or a "violent injury" are questions of fact depending to such an extent upon the particular facts and circumstances of each case that it is difficult for the courts to establish a uniform rule. Without entering into a detailed discussion of the revolting circumstances shown by the transcript of the evidence, we submit that the position, acts and general conduct of defendant from the time he was first discovered by the child's mother until arrested by the constable, considered in connection with his feeble attempt to give a reasonable explanation of his conduct, indicates his guilt beyond question, and witnesses who were called to testify, both in defense and in rebuttal, with reference to the character and habits of defendant, did not

improve the situation. The doctrine that an offer of violence, or a display of physical force, is a necessary ingredient of the crime of assault with intent to commit a felony, has not been accepted in this state. (Bryant v. State, 7 Wyo., 311.)

The trial court adopted the correct theory of the case in its instructions, and in refusing to instruct a verdict for defendant. Actual force on defendant's part, or resistance on the part of the child, was not necessary. (State v. Sherman, 106 Ia., 685; Haines v. State, 155 Ind., 112; Addison v. People, 193 Ill., 405; State v. Johnson (Cal.), 63 Pac., 842; People v. Courier, 79 Mich., 366; State v. Hunter (Wash.), 52 Pac., 249.)

SCOTT, JUSTICE.

Plaintiff in error (defendant below) was charged, tried and found guilty of an assault upon the person of a female child under the age of eighteen years with the intent to commit rape. His motion for a new trial was overruled and judgment was pronounced against him, sentencing him to a term of years in the penitentiary, and he brings error.

1. When the State rested its case the defendant moved the court to instruct the jury to return a verdict in his favor on the ground that the evidence was insufficient to convict. The motion was overruled and such ruling is here assigned as error. An examination of the record fails to show that any exception was taken to such ruling, or if it was, it is not preserved in the bill of exceptions. The question is not, therefore, properly before us and need not be discussed.

2. The court, over the objection of the defendant, gave the following instructions to the jury, viz.: "You are instructed that under the law of this state an attempt on the part of a man to carnally know a female child under the age of six years, whether with or without her consent, would be an attempt to do a violent injury to such child as alleged in the information." It will be observed that

this instruction does not purport to describe a complete crime as defined by our statute, but simply one of the elements of assault as charged in the information. In this state there is no such crime defined by the statute as an attempt to commit a felony, nor is the instruction open to the objection that it is a definition of an offense unknown to the statute. The information charges that on the 3d day of April, 1907, the defendant did "unlawfully and feloniously attempt to commit a violent injury on the person of * * * a female child under the age of eighteen years, he, the said Charles Ross, having then and there the present ability so to do, with intent then and there and thereby unlawfully and feloniously to ravish and carnally know the said * * *." To have carnal knowledge of a female under the statutory age of consent is at least rude as well as unlawful and within the contemplation of the statute constitutes a violent injury. The acts alleged in the information come within the statutory definition of what constitutes an assault as contained in Section 4957, Revised Statutes 1899, which is as follows: "Whoever having the present ability to do so, unlawfully attempts to commit a violent injury on the person of another, is guilty of an assault and shall be fined," etc. Assault and battery is defined by Section 4958, Revised Statutes 1899, as follows: "Whoever in a rude, insolent or angry manner unlawfully touches another, is guilty of an assault and battery." The information follows the language of the statute in charging the assault and that language is coupled with an averment of the felonious intent at the time and is a good information. (Bryant v. State, 5 Wyo., 376.)

As the evidence showed no resistance on the part of the girl or consent to the alleged assault, it is claimed on behalf of the defendant that she consented because she did not resist, and it is urged that the instruction is erroneous upon the ground that violence consented to does not constitute an assault and that the use of the word "ravish" in the information required proof of physical resistance. Rape

is defined by Section 4965, Revised Statutes 1899, as follows: "Whoever unlawfully has carnal knowledge of a woman forcibly and against her will, or of a woman or female child under the age of eighteen years, either with or without her consent, is guilty of rape, and shall be imprisoned in the penitentiary for a term not less than one year, or during life." Section 4956, Revised Statutes 1899, is as follows: "Whoever perpetrates an assault or an assault and battery upon any human being with intent to commit a felony, shall be imprisoned in the penitentiary not more than fourteen years." It is clear that a comparison of the above sections shows that rape includes the crime of assault as defined by Section 4957, *supra,* and when a woman over the age of eighteen years who at the time is not under duress or fear and is mentally competent to do so consents to sexual intercourse, then there is no assault either in the attempt to have or in the consummation of such intercourse. It is equally true and all the authorities agree that carnal knowledge of a female who at the time is under the statutory age of consent, regardless of the frame and condition of her mind, is conclusively presumed to have been committed with force and against her consent, and her acts and conduct would be no defense to the charge of rape. While this is true as to the crime of rape, there is some conflict in the decisions as to whether a conviction can be had for an assault with intent to commit rape upon a female under the age of consent where it is shown that she made no resistance and was willing to perform the sexual act.

The above statutory definitions of assault and assault and battery are identical with the corresponding sections of the statutes of Indiana and differ materially from the common law definitions. The present ability to inflict an injury is not necessary to an assault at the common law, and any unlawful touching of one against his will with intent to injure constitutes a battery, while under the statute the touching must be unlawful and in a rude, insolent or angry

manner.   (Bish. Stat. Crimes (3d Ed.), Secs. 501, 502.)
By the common law an assault must be accompanied by
physical force creating a reasonable apprehension of im-
mediate physical injury to a human being, and a battery
was not committed unless the act alleged to constitute it
was committed against the will of the injured party.   (2
Bish. New Cr. Law, Secs. 23, 28, 70.)

The English authorities hold that as an assault implies
the use of physical force or violence, there can be no such
force or violence necessary or used when there is no re-
pulsion or resistance, and that there is no assault when the
female, whatever her age, does not resist, but consents to
the acts which constitute the alleged assault.   The rule is
stated in Bishop on Statutory Crimes (3d Ed.), Sec. 496,
as follows:   "While the common form of attempt to com-
mit the ordinary rape is by assault with such intent, and
on an indictment for rape there may be a conviction of
assault if no technical rule prevents, in matter of principle,
and by the better judicial determinations, there cannot be,
under the common law rules, an assault with intent to have
the criminal carnal knowledge of a girl with her consent;
because by the common law rule violence consented to is
not an assault and the statute which makes her consent
immaterial in defense of the carnal knowledge does not
extend also to the assault."   Of the American cases cited
in the foot note as supporting that doctrine, Whitcher v.
State, 2 Wash., 286, has been overruled in State v. Hunter,
18 Wash., 670 (52 Pac., 249) ; Harden v. State, 39 Tex.
Cr. R., 426 (46 S. W., 803), has been overruled in Croomes
v. State, 40 Tex. Cr. R., 672 (51. S. W., 924) ; Stephens v.
State, 107 Ind., 185 (8 N. E., 94), was overruled in Mur-
phy v. State, 120 Ind., 115 (22 N. E., 106).   This rule does
not seem to have found much favor with the American
courts, for, so far as our research has enabled us to deter-
mine, it is now followed by but two of those courts.   (State
v. Smith, 12 O., 466; State v. Pickett, 11 Nev., 255.)   The
weight of authority is overwhelmingly the other way, and

to the effect that such consent is unlawful and does not waive the assault.    (People v. McDonald, 9 Mich., 150, 152, 153;  People v. Courier, 79 Mich., 366 (44 N. W., 571);  Cliver v. State, 45 N. J. L., 46;  Com. v. Roosnell, 143 Mass., 32 (8 N. E., 747);  Territory v. Keyes, 5 Dak., 244 (38 N. W., 440);  State v. Daucy, 83 N. C., 608;  Hays v. People, 1 Hill (N. Y.), 351;  Brown v. State, 6 Baxt., 422;  Fizell v. State, 25 Wis., 364;  People v. Laurintz, 114 Cal., 628 (46 Pac., 613);  People v. Vann, 129 Cal., 118;  State v. Wray, 109 Mo., 594 (19 S. W., 86);  State v. Grosheim, 79 Ia., 75 (44 N. W., 541);  Polson v. State, 135 Ind., 519 (35 N. E., 901);  Hanes v. State, 155 Ind., 112;  Leibscher v. State, 69 Neb., 395 (95 N. W., 870);  State v. Sargent, 36 Ore., 110 (49 Pac., 889);  Farrell v. State, 54 N. J. L., 416 (24 Atl., 723);  In re Lloyd, 51 Kan., 501 (33 Pac., 307);  Addison v. People, 193 Ill., 405; 2 Am. & Eng. Ency. L. (2d Ed.), 987, and p. 361, Vol. I, of Suppl., and cases cited in the foot notes; 1 McClain Crim. Law, Sec. 464.)

The difference in the holdings may, however, be accounted for in the fact that the cases in this country have turned upon the construction of the statutory definition of assault rather than upon the common law definition of that offense.    In construing a statute which contains new and different elements the courts are not bound by that construction which obtained with reference to the common law offense.    The statutory changes were evidently meant to remedy some imperfections which were recognized to exist. The statute, by apt words, created and defined a new crime which is a substitute for the common law offense, and the rules appertaining to the latter, except in so far as they are applicable, have to yield to the statutory rules of construction.    In Croomes v. State, *supra,* there was a conviction for an assault with intent to commit rape on the person of a female under fifteen years of age, that being the statutory age of consent in that jurisdiction.    The court say:  "The code provides that any unlawful violence upon

the person of another, whatever be the manner or degree of violence, is an assault. There is no statute or construction of a statute on the question of assault saying that the consent of the injured party prevents the act from being an assault. If the act is unlawful it is an assault. The mere fact that the party injured consents to it does not prevent it from being an assault."

It will be observed that the information charges the defendant with having perpetrated an assault with the felonious intent to "ravish and carnally know." The word "ravish" presupposes force and was indispensable in the common law indictment for rape, but does not occur in the definition of that crime given in our statute and for that reason its use is not necessary in describing the offense. (Tway v. State, 7 Wyo., 74.) There must be resistance and force used in overcoming such resistance in rape where the female is over the age of consent, either under the common law or under the statute; and carnal knowledge of a female under the statutory age of consent and also at the common law when such female is under the age of ten years is conclusively presumed to have been accompanied with force and against consent, and in an indictment or information, therefore, under and following the words of the statute the word "ravish" is unnecessary and may be treated as surplusage. (Sec. 486, Bish. Stat. Cr. (3d Ed.) We are not, however, dealing with the completed offense of rape. The charge is of an assault with intent to commit a felony, and if the intent was to carnally know a female under the statutory age of consent, then such intent was felonious regardless of whether the accused contemplated resistance on her part or not. The word "ravish" as used in the information did not impose any greater burden upon the State than proving the elements of the offense as defined by the statute and which are charged in the information, and it may, therefore, be treated as surplusage.

A distinction is made and carried into the decisions between attempts to commit and an assault with intent to

commit a felony. In the former the question of assault is not necessarily involved, while in the latter it is an essential element of the crime charged and as such must be proven. (People v. Dowell, 135 Mich., 306 (99 N. W., 23.)

While the statutory definition of assault implies force, it does not necessarily follow that there must be proof of actual or physical resistance on the part of the person assaulted, for in the absence of such proof the law implies resistance. An assault may be committed under such circumstances that the person assaulted is entirely ignorant of any attempt to commit a violent injury to his or her person, as when the assailant having the present ability to do so unlawfully attempts but is interrupted from doing violence to the person of one who is asleep, or, of one who is passing along a crowded street. So it may be said that absence of resistance resulting from physical inability or want of opportunity to resist, or consent to the act constituting an assault which proceeds from a disordered or insane condition of the mind, is no consent and does not strip the act so committed of its criminal character. Putting in fear is not always necessary at common law. (Sec. 33, 2 Bish. New Cr. Law.) Nor is it an element of assault as defined by our statute, though it may be involved in the proof as a part of the *res gestae,* and if the acts constituting the attempted injury are unlawful, and the other elements are present to constitute an assault, that crime is complete and none the less a crime because of non-resistance by the injured party. The evidence is undisputed and shows that the girl was between four and five years of age at the time of the assault, and by all the authorities by reason of her age she had no legal ability to consent to the sexual act; and if that is so it seems incredible that she could lawfully consent to the acts and preparations which constituted in themselves an unlawful attempt coupled with a present ability to do a violent injury to her person simply because the purpose intended was not consummated.

In a well considered case the supreme court of Washington say: "The offense of carnally knowing a female

child under the age of twelve years necessarily includes the less offense of assault with intent. The complete offense is merely an aggravation of the felonious assault, and the child's legal inability to consent to the sexual act also extends to and includes any attempt to commit it; in other words, she lacks capacity to consent to the force which, in the absence of consent, would constitute an assault." State v. Hunter, *supra*.) The acts constituting the alleged assault could have been proven upon a trial on the charge of rape as a part of the *res gestæ,* and evidence that she consented would have been inadmissible as not tending to prove any defense to the charge. The reversal of a conviction of the lesser and included offense of assault with intent to commit rape would scarcely be justified upon the ground that the defendant had not been permitted to show the frame of mind of the one so assaulted when the latter was within the statutory age of consent. In such a case the law implies resistance, for under the law there can be no consent. In People v. Verdigreen, 106 Cal., 211 (46 Am. St. Rep., 234), there was a conviction for an assault with intent to commit rape upon the person of a female child under the statutory age of consent. The evidence showed that she went voluntarily to the room of the accused and submitted, without resistance, to his advances. The code defined rape as "an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances: (1) When the female is under the age of fourteen years. (2)" etc. (Pen. Code, Sec. 261.) It was there urged as here, that there can be no such thing as an assault upon a consenting female regardless of the fact that she may be under the age when she can legally consent to the sexual act. The court say: "It is true that an assault implies force by the assailant and resistance by the one assaulted, and that one is not in legal contemplation injured by a consensual act. But these principles can have no application to a case where under the law there can be no consent. Here the

law implies incapacity to consent, and this implication is conclusive. In such case a female is to be regarded as resisting, no matter what the actual state of her mind may be at the time. "The law resists for her." To the same effect is People v. Vann, *supra*. This rule would not, however, apply when the female was over the age of consent. (People v. Fleming, 94 Cal., 308.)

The action was not for the redress of a private wrong. The defendant was answerable to the state for such conduct as the state had declared to be criminal. She was a ward of the state and his conviction was sought not alone to punish him, but also for the moral and salutary effect it would have in preserving the chastity of those similarly situated and in carrying out the duty it owed to those to whom in its wisdom it had thrown out the protecting arm of the law. Its policy and the intendment of the law is not to withhold punishment until that has been destroyed which was sought to be protected. In Croomes v. State, *supra*, the court say: "To say that the legislature of Texas would hang a man for the consummated act of rape, and yet not desire to punish him at all for assault with intent to rape under any contingencies, is a proposition to which we cannot agree. Then, if the legislature did not intend such a construction, we feel constrained; if the language of the statutes is susceptible of a rational, sensible and reasonable construction that will give validity, strength and force to every phase of the law, that that construction should be adopted." It is said in Black Interp. Laws, p. 73, that: "It is generally true that, where words in a statute are clear and unambiguous, there is no room left for construction; but when it is plainly perceivable that a particular intention, though not precisely expressed, must have been in the mind of the legislator, that intention will be enforced and carried out, and made to control the strict letter." And again: "Every statute is to be construed with reference to its intended scope and the purpose of the legislature in enacting it; and where the language used is

ambiguous or admits of more than one meaning, it will be taken in such a sense as will conform to the scope of the act and carry out the purpose of the statute." (Id., p. 56.) The law having declared that a female under the age of eighteen years is legally incapable of giving consent to the sexual act, the intended scope of the law and the purpose of the legislature in enacting it do not permit of a construction which would limit her incapacity to consent to that act alone, but rather that such incapacity extends to and includes any attempt to commit it. Not having legal capacity to act for herself in such matters the state, no matter what her frame and condition of mind may be at the time, acts for and in her behalf. In such a case the law regards her as resisting.

We do not go so far as to hold under our statute that force is not an element of the crime charged. An assault is an assault whether perpetrated with or without the intent to commit a felony. Our discussion has been limited to the question of the necessity for resistance to an assault; and, as we have seen, physical resistance is not always necessary and the resistance may be in some cases only such as the law implies. We are of the opinion that physical resistance, as applied in an assault, is not a necessary element in an assault with intent to rape a female under the age of eighteen years, as, under the statute, she has no legal capacity to consent to the act of carnal knowledge, and every act done in furtherance of a purpose to know her carnally is unlawful and for a felonious purpose, and if such acts were so committed as to constitute an assault without her consent, then no act of hers could waive such assault.

3. The court refused to give the following instruction requested by the defendant, viz.: "In arriving at the conclusion as to whether or not the State has proved the intent beyond a reasonable doubt the jury must be satisfied not only that the prisoner intended to gratify his passions on the person of the child, but that he intended to do so at all

events, notwithstanding any resistance on her part; and unless you do so find from the evidence, then you are instructed that you must find the defendant not guilty." In considering whether this instruction correctly states the law as applied to the facts, it must be borne in mind that in this case it is the intent to carnally know a female under the age of eighteen years, with or without her consent, which is felonious. Such an intent in the absence of any overt act would not be sufficient to convict as lacking the element of assault, yet if attempted to be carried into effect by such an assault the crime is complete whether such assault be resisted or not. There is a marked distinction in this case and where one has an intent to carnally know a female over the age of eighteen years, for in the latter any such intent is only felonious when it is attempted to be carried into effect forcibly and against the will of such female. This instruction carries with it the idea that the felonious intent could only exist when resistance was offered, whether the female be over or under the statutory age of consent. As we have seen, this is not the law with reference to an assault committed with intent to rape a female under that age. (People v. Roach, 129 Cal., 33, and other cases, *supra.*) The court properly refused to give this instruction.

4. It is urged that the court erred in refusing to instruct the jury that if they were satisfied beyond a reasonable doubt that the defendant assaulted the child, but were not so satisfied that the assault was committed with the felonious intent to commit rape, then they should acquit him of the crime of assault with intent to commit rape and find him guilty of assault.

The evidence in this case tended to show that on the 3d day of April, 1907, some little boys were playing by a ditch in the vicinity of the town of Dietz, in Sheridan County. A female child between four and five years of age was seen to cross a bridge over the ditch going in the direction of where the boys were, and in doing so, she had to pass near where the defendant was sitting on a pile of dirt.

When the little girl came along to where he was the defendant got up, took her by the hand and led her to a bench in the rear of a building and out of sight of where the other children were. The mother was informed that defendant had her child and she went and discovered the little girl sitting on a bench, her clothes above her knees, and the defendant kneeling before her, his pants unbuttoned and his privates in his hands. Upon being spoken to by the mother, the defendant arose and fled, and shortly thereafter an officer discovered him in hiding behind some barrels in the rear of a nearby saloon and arrested him. The defendant testified in his own behalf that he had no intention of carnally knowing the child; that he neither touched her nor led her to the bench; that he was not kneeling before the child; that he was standing up, and that his pants were unbuttoned for the purpose of answering a call of nature, and denied that he fled or was in hiding from the officer. He also introduced evidence to show his reputation for morality with little girls, which was met and combatted by evidence properly admitted in rebuttal on behalf of the State tending to show that his reputation in that respect was bad, and upon cross-examination by defendant's counsel incidents of indecent exposure to and chasing of little girls by him were drawn out.

It will be observed that the line between the evidence for the State and the defendant is clear and distinct. If the defendant's testimony be true, he was not guilty of an assault as charged in the information, while the State's evidence tended to show that the defendant, if guilty at all, was guilty of an assault and battery. This did not constitute a variance. (Com. v. Thompson, 116 Mass., 349.) The overt act which was relied upon for a conviction was a rude and unlawful touching of the child. The evidence showed the act to be at least rude and if done with the intent to carnally know her, such touching was certainly unlawful and comes within the definition of assault and battery as defined by Section 4958, *supra,* which includes the lesser of-

fense of assault as charged in the information and as defined by Section 4957, *supra*.  While this is true, it is only so from a legal standpoint, and it does not always follow that the question of simple assault must be submitted to the jury upon a trial for the greater crime which includes it.  The instructions must and should be predicated upon the evidence in the case, and when the evidence shows the accused to be guilty of the higher grade of the offense or not guilty the court is not required to instruct upon the lower grades.

In Brantley v. State, 9 Wyo., 102, 109, Brantley, upon a conviction for an assault with intent to commit murder, complained that the court refused to instruct the jury that he might under the information be found guilty of an assault only.  This court held that upon the evidence he was not entitled to the instruction, and after reviewing the evidence, said: "If guilty at all, he was guilty of an assault and battery.  There was no evidence of simple assault." This rule has been the established rule in a long line of decisions by the supreme court of Iowa.  In State v. Shuman, 106 Ia., 684, 687, it was assigned as error that the court in a prosecution for rape did not submit to the jury the question of simple assault.  The court, after referring to the previous holding by that court to the effect that the right to instruct on a lesser and included offense of the crime must be governed by the evidence, say: "The holding is decisive of the present assignment in this case.  If there was not an assault with intent to commit rape, there was no crime committed.  No other conclusion could properly be arrived at from the evidence." In the case before us assault and battery was not charged nor was simple assault proven. Upon the record the defendant could only be found guilty of an assault with intent to commit rape as charged or not guilty, and the court so instructed.

5.  It is urged that the verdict is not supported by the evidence.  In support of this contention it is argued that there is no evidence in the case to show that the defendant intended to carnally know the child, or, in other words, that

the State failed to prove the felonious intent which is an essential element of the crime charged. In Bryant v. State, 7 Wyo., 311, where there was a conviction for an assault with intent to commit murder, the same error was assigned and this court held that it was unnecessary to prove the specific intent by direct, positive and independent evidence, and that in such a case the jury should take into consideration all the facts and surrounding circumstances as disclosed by the evidence and find therefrom whether the acts of the accused constituting the alleged assault were done in pursuance of a felonious intent. It is unnecessary to again repeat the evidence. The jury were fully warranted in finding therefrom that the acts of the defendant were done with the intent to carnally know the child, and this intent being so established, together with the other evidence in the case, was sufficient to support the verdict. The theory upon which the defendant presented his case to the jury, viz.: that his acts amounted only to indecency, did not commend itself to the jury, and, the record being clear of error, the conclusions reached and expressed by their verdict must stand.

It follows that the judgment must be, and it is hereby, affirmed.                                    *Affirmed.*

POTTER, C. J., and BEARD, J., concur.

### ON PETITION FOR REHEARING.

PER CURIAM.

The plaintiff in error has filed a petition for rehearing.

It is here urged that the court misconstrued the evidence when it said in the opinion filed that the evidence tended to show that the bench to which the defendant took the little girl was out of sight of the little boys who were playing in that vicinity. The mother of the little girl so testified, and it may be that this statement was untrue or that she was mistaken. But even so the jury may well have inferred that the defendant felt secure though but a short distance from where he could have been seen by some little boys

aged 8, 6 and 3 years, who were at play and where no adult was near to intercede and prevent him from carrying out his purpose. The question of the defendant's guilt upon the whole evidence was one for the jury.

It is also complained that the court failed to pass upon the competency of the witness, Irvin Harrison. The case was submitted on briefs, and one of the questions argued in the briefs was the sufficiency and weight of the evidence and did not go to the competency of this witness. The question may, therefore, be deemed to have been waived (Horn v. State, 12 Wyo., 80) and could not have been raised for the first time on petition for a rehearing. (Bank v. Ludvigsen, 8 Wyo., 230; Boswell, Adm'r., v. Bliler, 9 Wyo., 277.) But even if it had been discussed in the briefs this court could not have considered it, for it was not specifically assigned as a ground in the motion for a new trial, nor is it here assigned as error. (Hogan v. Peterson, 8 Wyo., 549; Wilson v. O'Brien, 1 Wyo., 42; Wolcott v. Bachman, 3 Wyo., 335; Boulter v. State, 6 Wyo., 66; Casteel v. State, 9 Wyo., 267; Todd et al. v. Peterson, Adm'r., &c., 13 Wyo., 513; Delaney v. State, 14 Wyo., 1; Koppala v. State, 89 Pac., 576.)

No other question is here presented which was not discussed in the opinion filed.

Rehearing denied.