## HOUGHTON BROS. v. YOCUM, ET AL.
(Nos. 1542 and 1543; Feb. 5, 1929; 274 Pac. 10)

Before KIMBALL and RINER, JJ., and TIDBALL, District Judge.

*Reid & More,* for appellant.

*Ewing T. Kerr* and *H. S. Ridgely,* for respondent.

TIDBALL, District Judge.

These two cases involve the same question and were submitted together to this court. They involve actions upon

four promissory notes, each dated August 26, 1920, and falling due respectively on September 1, 1921, September 1, 1922, September 1, 1923, and September 1, 1924. The actions were begun August 31, 1927, so at the time suit was started none of the' notes had been due five years except the one falling due September 1, 1921. The notes were executed and delivered by defendants in, and payable in, Nebraska, and at the time of their execution and delivery the defendants were residents of Nebraska, but became residents of Wyoming in March, 1921. It will thus be seen that the actions on the notes were begun more than five years after defendants became residents of Wyoming, but, with the exception of the note first falling due, less than five years after the respective due dates of the several notes.

The only question before us is—were the actions on the several notes barred by the statute of limitations of this state on August 31st, 1927? The trial court held in the affirmative of that question. Appellant concedes that the trial court ruled correctly as to the note falling due September 1, 1921, as the suit was begun more than five years after that note fell due.

The decision of the case depends upon the interpretation of Sections 5566 and 5567, Wyoming Compiled Statutes of 1920, which read as follows:

Sec. 5566. ''Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action accrues.''

Sec. 5567. ''Within ten years an action upon a specialty or any contract, agreement or promise in writing; and on all foreign claims, judgments or contracts, expressed or implied, contracted or incurred before the debtor becomes a resident of this state, action shall be commenced within five years after the debtor shall have established his residence in this state.''

The contention of defendants is that the notes in question fall within the latter part of Section 5567, being

foreign claims or contracts contracted or incurred before the debtor became a resident of this state, and that the action thereon not having been commenced within five years after the debtor established his residence in Wyoming, in March, 1921, the action is barred. In other words, defendants contend that the latter part of Section 5567 must be interpreted as standing alone and must be interpreted literally. The contention of plaintiff, on the other hand, is that such an interpretation of the statute would lead to absurd results, for under such an interpretation the action might be barred before a cause of action or right to sue arose, and that both sections above quoted must be read together and the phrase ''after the cause of action accrues'' occurring at the end of Section 5566 must be read into the foreign claim provision of Section 5567; that otherwise Section 5567 would be unconstitutional because it might bar one from his right to sue before a cause of action had arisen.

In construing the above sections of the statute, some general rules of construction should be borne in mind. Statutes should, of course, be construed with a view to effecting the legislative intent and such intent must be ascertained from the statute or statutes. However, a literal construction of the words used will not be sanctioned when such construction would defeat the evident purpose of the legislature. Holt v. State, (Tex. Civ. App.) 176 S. W. 743. And a construction producing unjust or absurd results will not be adopted unless the terms of the statute preclude any other construction. Landers v. Smith, 78 Me. 212, 3 Atl. 463; Harrison v. Harman, 76 W. Va. 412, 85 S. E. 646. So no statute will be so construed as to make it unconstitutional if such construction can be avoided. The case of Pryor v. Winter, 147 Calif. 554, 82 Pac. 202, 109 A. S. R. 162, involved the construction of a statute of limitations which provided that no action for the recovery of real property or the possession thereof could be maintained unless the plaintiff or his predecessor in interest

was seized or possessed of the property within five years before the commencement of the action. In construing this statute as applying to an action by a remainderman to quiet title, it was held that the statute should not be construed as making the statute of limitations run before a cause of action had accrued, and thereby cutting off the right of remainderman by a possession held adversely to them during the continuance of the life estate. The court said:

"Under the above facts the action was not barred—for the cause of action did not accrue until after the death of the life tenant, and it was brought within the statutory period of limitation after it had thus accrued. Before that time the plaintiffs had no right of possession of the lot, and had no cause of action touching such possession. * * * The conclusion of the lower court seems to have been arrived at by the process of looking only at Section 318 of the Code of Civil Procedure, and considering nothing else. That section provides that no action for the recovery of real property or the possession thereof can be maintained unless the plaintiff or his predecessor was seized or possessed of the property in question within five years before the commencement of the action. But all the law on a wide subject like that of limitation of actions is not to be found in one section. All the statutory provisions on the subject are to be considered, and they are to be construed in view of the presumption that the legislators are acquainted with well-settled principles of law, and legislate with reference thereto. * * * And so it cannot be held that the legislature intended by Section 318 to abrogate or overlook the principle—declared in jurisdictions where statutes of limitations include provisions similar to that of Section 318—that the statute does not commence to run against a cause of action before such cause of action shall have accrued, unless otherwise expressly provided. * * * It would be strange, indeed, if during the life of the particular tenant a remainderman could be compelled to lose his estate on account of another's possession which he would be utterly helpless to interrupt."

The legislative history of Sections 5566 and 5567, the statutes under consideration, throw little light on the question of their proper construction. The first place the sections appear is in the Compiled Laws of 1876, Ch. 13, Sec. 10. There the two sections appear as one, with a colon after the phrase ''after the cause of action shall have accrued.'' The next place the statute appears is in the 1886 Session Laws, Ch. 60. There the statute is divided into two sections (§§ 32, 33), as now. It appears in the 1887 Revision in two sections (§§ 2360, 2369), as at present; also in the 1899 Revision (§§ 3453, 3454), and the 1910 Compiled Statutes (§§ 4297, 4298).

It seems clear that the phrase ''after the cause of action accrues'' must be read into the provision as to foreign claims. Otherwise it would do violence to the manifest legislative intent, for we cannot believe the legislature intended to attempt to bar a claim on a foreign contract before a cause of action should accrue thereon. Such an interpretation would lead to an absurdity, and this would be the effect in a case where the defendant established his residence in this state and the note which he had signed did not fall due for more than five years after the establishment of such residence.

Reading the two sections together, without doing violence to the language used, but at the same time avoiding an interpretation that would lead to unconstitutional or absurd results, we think the phrase ''after the cause of action accrues'' must be read into Section 5567, and, as so interpreted, the section means, as applied to the notes in question, that since the defendants became residents of the state before the cause of action accrued on the notes in question, suit was not barred thereon until five years after the due dates of the several notes. It therefore follows that only the note falling due September 1, 1921, was barred.

In the Compiled Statutes of 1920 the two sections in question are referred to as being copied from Ohio statutes. However, after a somewhat thorough search of the Ohio

laws from early times, we have been unable to find that any such worded statute ever existed in Ohio. There was once a somewhat similar statute in Nevada, but it was repealed by the legislature before the Nevada Supreme Court ever was called upon for an interpretation. We can find no cases anywhere interpreting such a statute as we have in question here.

The judgment of the District Court is reversed in Case No. 1543, and is reversed in Case No. 1542 except as to the note falling due September 1st, 1921. The cases will be remanded for further proceedings consistent with the views herein expressed.

*Remanded.*

KIMBALL and RINER, JJ., concur.