## In re TIDBALL.

### No. 1104.

District Court, D. Wyoming.

Jan. 3, 1930.

Ernest J. Goppert, of Cody, Wyo., for trustee.

Charles E. Lane, of Cheyenne, Wyo., for bankrupt.

KENNEDY, District Judge.

The above-entitled matter is before the court by virtue of a referee's certificate on review. The question arises over an order allowing exemptions to the bankrupt, exceptions to which were filed by the latter. As the matter now comes to the court, it concerns the disallowance by the referee of a claimed exemption for a typewriter and phonograph.

It has been repeatedly held, under the Bankruptcy Act, 11 USCA § 24, that exemptions allowed to bankrupts are determined by the statutes concerning exemptions of the state of which the bankrupt is a resident.

Wyoming Compiled Statutes 1920 seem to provide that any person adjudicated a bankrupt under the acts of Congress relating to bankruptcy shall not be entitled to exemptions other than those enumerated in sections 6034 and 6035 of the Wyoming Statutes. Section 6034 exempts wearing apparel of a limited value. Section 6035 exempts the family bible, pictures, and schoolbooks, burial ground, furniture, bedding, provisions, and such other household articles of any kind or character as the debtor may select, not to exceed the value of $500. Section 6037 refers to tools, implements, or stock in trade kept by a person for the purpose of carrying on his trade or business, but, as this section is apparently not available to bankrupts in this state, it need not be further considered.

The articles here under consideration, clearly not being capable of classification as wearing apparel, must come within the scope of section 6035, if they are to be recognized for the purpose of exemption.

The provisions which refer to furniture, bedding, provisions, and such other articles of any kind or character as the debtor may select, together with similar statutes of other states, have been repeatedly construed by the courts. The term, "and such other household articles," has been held to refer to the same character of articles included in the

language which immediately precedes it, to wit: "Furniture, bedding, provisions," under the well-known doctrine of ejusdem generis. Applying this doctrine to the point here involved, it would be difficult by the widest stretch of construction to hold that a typewriter and phonograph were furniture. A typewriter is a machine intended for use as a substitute for handwriting in a commercial sense, and therefore would be exempt only under section 6037, which is not available to the bankrupt here. A phonograph, while difficult to classify in the strict sense, can scarcely be included in the term "furniture," and in this day of "jazz" could perhaps more properly be classified as a musical instrument, or at least something intended for pleasure as distinguished from a necessary article in ordinary housekeeping. Musical instruments have always been held by the courts not to be included in household articles, limited in their scope by the preceding language such as is found in the Wyoming statutes. The phonograph, while undoubtedly a very popular instrument, has not yet, as I view it, acquired the distinction of being a necessary piece of furniture in the home.

For the reasons stated, an order may be entered affirming the ruling and order of the referee in the premises.