In the Matter of the Contest of Election of William ROMER for the Office of Sheriff of Natrona County, Wyoming.

W. A. ESTES, Jr., Appellant (Petitioner below),

v.

BOARD OF COUNTY COMMISSIONERS IN AND FOR NATRONA COUNTY, Wyoming and William S. Romer, Appellees (Respondents below).

No. 3605.

Supreme Court of Wyoming.

Feb. 7, 1968.

Robert R. Rose, Jr., Philip F. O'Neill, Casper, for appellant.

G. J. Cardine, Casper, for Board of County Commissioners.

Harry E. Leimback, Robert Jerry Hand, Casper, for William S. Romer.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Petitioner Estes brought an action to set aside the election of respondent Romer to the Office of Sheriff of Natrona County and for a declaratory judgment interpreting a portion of § 22–118.188, W.S.1957 (1967 Cumulative Supp.),[1] together with

1. "Whenever any vacancy shall occur or exist in any elective office in this state, such vacancy shall be filled at the first general election next following the occurrence of such vacancy for the unexpired term thereof, except as otherwise provided herein; and in the meantime, such vacancy * * * shall be filled by appointment, as hereinafter provided, until the first Monday in January next following such election, after which the person elected shall serve the remainder of

applicable provisions of the statutes and constitution relating thereto. The court held Romer's election to be valid, and this appeal has resulted. Since there was judgment on the pleadings, the pertinent facts are undisputed.

Louis Cooper was elected as sheriff of the county for a four-year term ending on the first Monday of 1967 and did not file for re-election. In May 1966 Romer filed for nomination of that office on the Republican ticket and in June Estes filed for the same position on the Democratic ticket. On July 21, twenty-seven days before the time set for the primary election, Cooper died and the county commissioners, through the county attorney, then asked the attorney general for an answer to the question, "Does the death of a retiring sheriff whose term expires the following January, after the filing date for primaries is closed and before the primary election, permit the appointment of a successor to serve beyond the term filled by decedent, there being candidates seeking the office?" The attorney general answered, "No," and indicated the rationale and authorities supporting his opinion. Thereafter on August 15, the day before the primary election, the Board of County Commissioners, saying that it desired "to resolve * * * [any] possible confusion," with Estes signed an instrument stating "in consideration of the appointment and the mutual promises herein contained, it is hereby agreed that the Board of County Commissioners shall make the appointment of W. A. Estes, Jr. to fill the vacancy of Louis Cooper, deceased, said appointment to extend to the first Monday in January 1967." The primary election resulted in the nomination of Estes and Romer on the respective tickets and the general election in November gave Romer a small majority for the office of sheriff. The present controversy then ensued.

■ In the judgment, the trial court said:

"The object and purpose of Section 22–118.188 is to provide a method for filling vacancies which occur in elective offices for the *unexpired term*. All elective officials hold office for a term specified by statute and regular elections are held every two years for the purpose of filling these offices as their terms expire. The section in question clearly indicates that vacancies in public office are to be filled by the electorate at the next regular election whenever possible. The interim appointments expire on the first Monday in January following such elections. The legislature recognized that all elective offices are not up for consideration at every general election and therefore if a vacancy occurred in any office which is not regularly to be filled at the next ensuing election, and the vacancy occurred or existed in such office after it became too late to place the election machinery in operation to fill the vacancy at such next ensuing election, the interim appointment should continue over until the next general election. It is clear that the law assumes that the unexpired term of office in question, as referred to in the proviso, must continue beyond the first Monday in January following the ensuing election. In adopting the proviso, the legislature was aware of the fact that if the regular term of office was expiring on the first Monday of January following the coming election, then the machinery for electing a candidate to that office was already in operation forty days prior to the primary election. The necessary election proclamation declaring the office open for consideration had been made, the candidates had or could have filed for nomination, and the filling of the office would proceed without inter-

said term: provided, however, that when such vacancy shall occur or exist less than forty (40) days before the ensuing primary election, then and in that event such temporary appointment shall hold

over until the first Monday in January following the second general election, at which election said vacancy shall be filled to cover the remaining portion of the unexpired term. * * * "

ruption even though the office might thereafter become vacant.

"Such a situation existed in the case at bar. The proviso contained in Section 22–118.188 did not become operative in this instance because no unexpired term remained to be filled after January 2nd, 1967, either by temporary appointment or election at a subsequent general election. In other words, the proviso in question is limited in its application to situations where an unexpired term continues past the first of the year following such general election."

We consider this analysis and determination of the court to be most clear and sensible, with sound reasons stated as a foundation. The appellant under such circumstances assumes a heavy burden in attempting to overturn it because as we have often said, a judgment will be affirmed on appeal if sustainable on any legal ground appearing in the record. Simmons v. Parrent, 71 Wyo. 207, 256 P.2d 101, 105; State v. Laramie Rivers Co., 59 Wyo. 9, 136 P.2d 487, 491. We have carefully read and analyzed the various arguments presented in the lengthy brief challenging the trial court's holding. Appellant's entire thesis seems dependent upon a relaxed definition of the two words "unexpired term" appearing in the statute here in issue. It will be noted that the trial court emphasized these words and determined that there was no unexpired term in the Office of Sheriff of Natrona County after January 2, 1967. On the other hand, appellant's argument basically is that if one is to confine the language of "unexpired term" always within the confines of the fixed term of office in which the vacancy occurred and not perceive such unexpired term as being capable of occurring in a subsequent term of office then, at least in the case of offices having a fixed term of four years (as do the majority of state and county offices) only rarely could there be any such unexpired term for an appointee to fill. He emphasizes that portion of the statute reading "when * * * vacancy shall occur or exist less than forty (40) days before the ensuing primary election, then and in that event such temporary appointment shall hold over until the first Monday in January following the second general election," arguing that his tenure of the "unexpired" term of Cooper ended on the first Monday of January 1969.

We think it is obvious from the most cursory reading of the statute that the legislature was concerning itself only with how unexpired terms (i. e., terms for which elected) would be filled, that it decided all unexpired terms would be matters to be presented to the electorate as soon as routinely possible but that at any time a vacancy occurred in an unexpired term of office forty days prior to a primary it would not be submitted to the electorate until the next general election. No doubt the legislators were well aware that such a contingency might seldom occur, but were perceptive enough to weigh their desire to have unexpired terms filled by the electorate as soon as possible with their wish not to unduly complicate a primary at the last minute.

Statutes are to be construed in a reasonable manner. Ivinson v. Hance, 1 Wyo. 270, 275. And a statute if susceptible of other interpretation will not be construed so as to produce absurd results. Houghton Bros. v. Yocum, 40 Wyo. 57, 274 P. 10, 11. The trial court here viewed § 22–118.188 with acumen and appellant's criticisms of the reasoning are unconvincing.

Affirmed.