**FOSTER LUMBER COMPANY, INC., now known as Diamond International Corporation, Appellant (Plaintiff),**

v.

**Robert B. HUME, Marie B. Hume, Hume Construction Company, Inc., H–G Developers, Inc., Steven A. Anderson, Patricia M. Anderson, and Bank of Commerce, Appellees (Defendants).**

No. 5574.

Supreme Court of Wyoming.

June 8, 1982.

Harlan W. Rasmussen and Fred R. Dollison of Badley, Rasmussen & Shoumaker, Sheridan, for appellant.

Dennis Kirven of Kirven & Kirven, Buffalo, and Robert G. Berger of Lonabaugh & Riggs, Sheridan, for appellees Steven A. Anderson, Patricia M. Anderson, and Bank of Commerce.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY, and BROWN, JJ.

THOMAS, Justice.

This case presents questions relating to the sufficiency of the evidence in connection with an action to foreclose a materialman's lien under prior Wyoming law,[1] and the right of the materialman to have the proceedings reopened if the evidence is found to be insufficient. The district court held that the materialman's lien was not filed within the 90-day period specified by § 29–2–109, W.S.1977.[2] The district court further held that the notice of intent to file a lien which was forwarded by the materialman to the owners failed to state from whom the account was due, and for that reason it did not comply with § 29–2–110, W.S.1977.[3]

The appellant's Notice of Materialman's Lien was declared invalid and its lien was denied in the judgment entered in the dis-

---

1. We note that in 1981, the legislature adjusted the statutory scheme relating to such liens, and the references in this opinion are to the Wyoming statutes prior to that amendment.

2. Section 29–2–109, W.S.1977, at the time this case arose, provided as follows:

    "It shall be the duty of every original contractor, within four (4) months, and every subcontractor, and every journeyman and day laborer, and every other person seeking to obtain the benefits of the provisions of this act [§§ 29–2–101 to 29–2–124], within ninety (90) days after the indebtedness shall have accrued, to file in the office of the register of deeds of the proper county, a just and true account of the demand due him, her, or them, after all just credits shall have been given, which is to be a lien upon such building or improvements, and a true description of all the property, or so near as to identify the same, upon which said lien is intended to apply with the name of the owner or owners, contractor or contractors, or both, if known to the person filing the lien, which in all cases shall be verified by the oath of the

    person filing the lien, or by some reliable person for him; provided, that the original contractor shall not file a lien prior to the expiration of sixty (60) days after the completion of his contract, and no provision contained in any contract made between the owner and the original contractor shall be construed to in any way affect or restrict the right of any subcontractor, journeyman or day laborer, to file his lien in the manner provided by this section."

3. Section 29–2–110, W.S.1977, at the time this case arose, provided as follows:

    "Every person, except the original contractor, who may wish to avail himself of the benefits of the provisions of this act [§§ 29–2–101 to 29–2–124], shall give ten (10) days notice, in writing, before filing the lien as herein required, to the owner, owners or agent, or either of them, that he or they hold a claim against such building or improvement, stating in said notice the amount of the same and from whom it is due."

trict court. After the judgment was entered in the district court, the appellant filed four separate motions. The first was a Motion for Relief from Judgment, pursuant to Rule 60(b) of the Wyoming Rules of Civil Procedure, in which the court was requested to judicially notice the Notice of Lien as filed with the county clerk which was more complete than the one introduced into evidence. The second was a Motion for New Trial, pursuant to Rule 59(a)(1), W.R. C.P., also requesting the court to take judicial notice of the Notice of Lien as filed with the county clerk's office. The third was a Motion for Relief from Judgment, pursuant to Rule 60(b), supra, which relied upon § 29–2–114, W.S.1977,[4] and urged the court to disregard all defects in the Notice of Intent to File Lien upon the claim that it did state the amount for which, the property against which, and the labor or materials for which the lien was claimed. The fourth motion was a motion for a new trial brought pursuant to Rule 59(a)(8), W.R. C.P., and sought relief because the court did not consider § 29–2–114, W.S.1977, in deciding the case.

We shall affirm the judgment and rulings of the district court.

The essential facts are that one Robert B. Hume, through a company known as Hume Construction Company, Inc., constructed a home on Lot 13, Block 1, Shelley Lane Addition, a subdivision of Sheridan County, Wyoming, which then was sold to Steven A. Anderson and Patricia M. Anderson. The materials for this home were purchased from Diamond International Corporation, formerly known as Foster Lumber Company, between the dates of July 25, 1978, and October 31, 1978, according to invoices introduced into evidence at the trial and two documents each entitled "Notice of Intent to File Lien," which also were introduced into evidence at the trial.

The chronology with respect to the efforts to foreclose the lien occurred as follows:

On December 29, 1978, a Notice of Intent to File Lien was sent to the owners setting forth a claim for $1,869.02. On January 3, 1979, another Notice of Intent to File Lien was sent to the owners by certified mail in which two amounts were claimed— $9,277.71 and $1,869.02. In both of these documents entitled "Notice of Intent to File Lien," the claim was made that the material was last supplied on October 31, 1978, and each noted that the property involved was Lot 13, Block 1, Shelley Lane, Sheridan County, Wyoming. Both documents failed to state from whom the claim was due, as required by § 29–2–110, supra. It should be noted that on November 7, 1978, the Andersons mortgaged the property to the Bank of Commerce, Sheridan, Wyoming, and that this mortgage was recorded on November 8, 1978.

Thereafter on January 15, 1979, Foster Lumber Company, Inc., filed a Notice of

---

4. Section 29–2–114, W.S.1977, at the time this case arose, provided as follows:

"The pleadings, practice, process and other proceedings in cases arising under this chapter [§§ 29–2–101 to 29–2–124] shall be the same as in ordinary civil actions and civil proceedings in the courts of this state, except as herein otherwise provided. The petition among other things shall allege the facts necessary for securing a lien under this chapter and a description of the property to be charged therewith. Provided, however, that in any action begun by any borer, materialman, subcontractor or other person, to enforce a lien under the provisions of this chapter, the petition shall state and the evidence shall show that the work and labor was done and the materials furnished for the use and benefit of the party or parties designated in the petition, and for use in, upon or about the property therein described and against which the lien is sought to be enforced, and shall also state and show that the owner or proprietor of said property, or his agent, had knowledge of the fact that said work and labor was being done and said materials were being furnished for use, in, upon and about said property, then and in that case any and all defects in the statement of said lien account as filed or notice given a provided in this chapter shall be disregarded; provided, that said lien account as filed shall state the amount for which, the property against which, and the labor or materials for which, a lien is claimed, so as to enable the owner or his agent to identify the same; provided, further, that said notice shall be given and said lien account filed within the time limited by statute for so doing."

Materialman's Lien in the office of the county clerk of Sheridan County. That document did reflect that the claim was against Robert B. Hume, Mrs. Marie B. Hume, Hume Construction Company, Inc., and H–G Developers Company, Inc., 1036 Avon, Sheridan, Wyoming 82801, and Mr. Steven A. Anderson and Mrs. Patricia M. Anderson, 935 Delphi, Sheridan, Wyoming 82801. It covered the total amount reflected in the Notice of Intent to File Lien mailed on January 3, 1979. A partial copy of this Notice of Materialman's Lien was introduced into evidence as Exhibit 3, and it showed "that no part of the said balance has been paid and that the same was due and owing the claimant, Foster Lumber Company, Inc., as shown on Exhibit 'A' attached hereto and by reference made a part of this Notice." Exhibit "A" attached to the trial exhibit referred to invoices numbers 21943, 21993, 22132, 22069, 22070, 22314, 22574, 22897, 23101, 23281, 23423, 26509, 26404, and 26263. An examination of those invoices which were introduced into evidence reflects that those numbered 26509, 26404 and 26263 were not included and all of the others are dated prior to August 5, 1978. If that were the cutoff point, November 3, 1978, would have been the last day upon which the appellant could file its lien. The filing on January 15, 1979, would have been out of time. This was the basis of the holding of the trial court, that the Notice of Materialman's Lien was filed too late. The alternative holding, of course, was that the separate documents entitled "Notice of Intent to File" were deficient for failure to comply with the provisions of § 29–2–110, W.S.1977.

In arguing its Motions for Relief from Judgment and its Motions for New Trial, the claim of Foster Lumber Company, Inc., was that it should have relief from the judgment which was entered because the court had not taken into account § 29–2–114, W.S.1977, and the relief that statute afforded from strict compliance with other requirements of the lien statutes, and because the court had not considered the Notice of Materialman's Lien which was actually filed in the office of the county clerk but had looked only at the copy introduced into evidence. Its Motions for a New Trial stated similar grounds, and it argued that other invoices which were dated subsequent to September 19, 1978, and were introduced into evidence were in fact alluded to in Exhibit "A" which was attached to the Notice of Materialman's Lien which was filed in the office of the county clerk. The argument presented was that it was only through inadvertence of counsel that those were not included in the Notice of Materialman's Lien which was introduced into evidence. Essentially, the claim of appellant is that the district court committed an abuse of discretion when it refused to grant a new trial so that the evidence in the case could be made to conform to the documents which actually were filed in the office of the county clerk.

The appellant's version of its case is stated as follows in its Summary of Arguments:

"I. NEITHER THE LAW NOR THE EVIDENCE PRESENTED AT TRIAL SUPPORT THE COURT'S FINDINGS AND CONCLUSIONS THAT THE APPELLANT FAILED TO SUFFICIENTLY COMPLY WITH WYOMING STATUTES TO ALLOW THE APPELLANTS TO HAVE A VALID LIEN AGAINST THE REAL PROPERTY OF APPELLEES, ANDERSONS.

"A. THE UNCONTROVERTED EVIDENCE ESTABLISHES THAT TWO ACCOUNTS WERE CARRIED FOR MATERIALS DELIVERED TO ONE JOB LOCATION FROM JULY 25, 1978 TO OCTOBER 31.

"B. THE APPELLANT'S NOTICE OF INTENT TO FILE A MATERIALMAN'S LIEN IS NOT FATALLY DEFECTIVE.

"II. THE TRIAL COURT ERRED IN FAILING TO TAKE JUDICIAL NOTICE, WHEN REQUESTED, OF THE EXISTANCE [sic] OF THE MECHANIC'S LIEN AS FILED IN THE OFFICE OF THE COUNTY CLERK OF SHERIDAN COUNTY, WYOMING[,] WHICH RESULTED IN AN ABUSE OF ITS DISCRETION.

"III. THE COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION IN LIGHT OF THE EVIDENCE CONTAINED IN THE RECORD AND SUPPLIED TO THE COURT."

The appellee does not present a statement of issues but contents itself with argument in response to those contentions asserted by the appellant.

This court previously has held that the inclusion of non-lienable items in a lien statement does not vitiate that lien statement so as to preclude recovery by the lien claimant in the absence of any showing of fraud or bad faith. *United Pacific Insurance Company v. Martin and Luther General Contractors, Incorporated*, Wyo., 455 P.2d 664 (1969). It does not appear that we previously have considered the inverse situation in which, as here, the Notice of Materialman's Lien, or lien statement, which was presented as evidence to the trial court, is insufficient to support the amounts claimed, and reflects on its face and by reference to the attachments that it was not timely filed. We have generally held, however, that liens such as this are not recognized in the common law, and that our lien statutes are in derogation of the common law. In this connection our holdings have been that such liens are not allowed in equity independently of statute, and in order to establish a valid lien there must be full compliance with statutory requirements. *American Buildings Company v. Wheelers Stores*, Wyo., 585 P.2d 845 (1978); *Sargent v. Delgado*, Wyo., 492 P.2d 193 (1972); *Arch Sellery, Inc., v. Simpson*, Wyo., 346 P.2d 1068 (1959). We have held that a lien claim such as the Notice of Materialman's Lien filed in this instance, must be filed within the time limited by the statute, in this case 90 days. *Tottenhoff v. Rocky Mountain Construction Company, Inc.*, Wyo., 609 P.2d 464 (1980).

■ As in any other case, when we consider the sufficiency of the evidence with respect to such issues we must apply our usual appellate rule that we look only to the evidence favorable to the prevailing party, leave out of consideration entirely the evidence favorable to the losing party, and give to the evidence favorable to the prevailing party every lawful inference that possibly may be drawn therefrom. *Robinson v. True Drilling Company*, Wyo., 641 P.2d 195 (1982); *Distad v. Cubin*, Wyo., 633 P.2d 167 (1981); *Western National Bank of Lovell v. Moncur*, Wyo., 624 P.2d 765 (1981). In this instance the application of this rule discloses that in proving its lien the appellant failed to incorporate in its trial exhibit as a part of the attachments thereto certain summary pages, which the appellant urges would have included those invoices for material furnished for this project which were dated after August 4, 1978, and prior to October 1, 1978. The exhibit, however, when compared to the invoices which were listed on Exhibit "A" attached to that exhibit, discloses a Notice of Materialman's Lien which was recorded on January 15, 1979, for materials furnished prior to August 5, 1978. Appellant's witness, who was its yard manager at the pertinent time, agreed upon cross-examination that some invoices which were entered into evidence were not shown on Exhibit "A" attached to the Notice of Materialman's Lien. This witness also testified that the invoices introduced into evidence as Exhibit 1 accurately reflect the materials that were supplied to create the indebtedness by Hume Construction Company, Inc. Other than that the witnesses were not able to explain the discrepancies in Exhibit 3 (the Notice of Materialman's Lien), Exhibit 1 (the invoices), and the two Notices of Intent to File Lien. They did testify that apparently two job numbers were assigned to this job, but did not connect that information to the discrepancy in the lien statement.

Given this state of the evidence, we cannot upon review decide that the evidence was not sufficient to sustain the conclusion of the district judge that the Notice of Materialman's Lien was not filed in time under the statute. Accordingly, his judgment in that regard must be affirmed.

■ With respect to his alternative holding that the Notice of Intent to File Lien was defective under the statute, whether

we look to the one furnished on December 29, 1978, or the one furnished January 23, 1979, it is true that those documents failed to state from whom the claim is due as required by § 29–2–110, W.S.1977. Unless this deficiency is saved by the provisions of § 29–2–114, W.S.1977, that ground too would sustain the decision of the district court. These two issues become one, however, because of the proviso that the "notice shall be given and said lien account filed within the time limited by statute for so doing." Since we uphold the decision of the district judge that the Notice of Materialman's Lien was not timely filed, this failure forecloses reliance by the appellant upon the provisions of § 29–2–114, W.S.1977.

Turning then to the post-judgment motions, we agree with the disposition made of them by the district court. What we already have said disposes of the claims made in the motions asserting the benefits of § 29–2–114, W.S.1977. The essence of the other motions which were filed is that in ruling upon them the district court should have taken judicial notice of the Notice of Lien as actually filed in the county clerk's office. The record does not show that any proper certified copy of that document ever was presented to the district judge. That deficiency might be enough to justify the ruling upon this plea of the appellant. Of more significance, however, is the proposition that what appellant really was seeking was a second opportunity to prove its case. We have said in other contexts that one who loses in the trial court is not to be given a second opportunity to correct those deficiencies in the record which are that party's responsibility. *Downing v. Stiles*, Wyo., 635 P.2d 808 (1981); *DeWitty v. Decker*, Wyo., 383 P.2d 734 (1963). While those holdings have been made on different facts from those here, we are satisfied that they apply equally to the production of sufficient evidence to sustain the claim which the party has presented.

The judgment of the district court is affirmed.