**Ed McARTOR, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 84–22.

Supreme Court of Wyoming.

May 9, 1985.

Richard G. Miller and David B. Park, Casper, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen and Allen C. Johnson, Sr. Asst. Attys. Gen., for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellant appeals from a conviction, after a trial to the court, of taking indecent liberties with a minor in violation of § 14–3–105, W.S.1977. Appellant was originally charged with several counts of indecent liberties, based on more recent alleged acts, but all charges except one were either dismissed, or appellant was found not guilty at trial. That count, upon which appellant was found guilty and sentenced to not less than one nor more than two years, concerned an act with a sixteen-year-old girl, in June of 1977; she testified that she and appellant engaged in consensual sexual intercourse.

Appellant raises two issues on appeal. First, appellant contends that there was insufficient evidence to support a finding that the incident occurred in Natrona County. Second, appellant contends that the trial court erred in determining that the appellant could be charged and convicted under § 14–3–105 because: (a) "child" as used in § 14–3–105 is a person under the age of sixteen; (b) criminal statutes should be strictly construed and any ambiguity resolved in favor of the appellant; (c) § 14–3–105 has been impliedly repealed by § 6–2–304, W.S.1977; and (d) § 6–2–304 is the more specific statute of the two, and a

general statute must give way to a more specific statute on the same subject.

We affirm.

## STATUTORY BACKGROUND

■ A review of the background of the two statutes is in order inasmuch as the issues involve alleged statutory inconsistencies; inasmuch as the pertinent law is that which was in effect at the time of the incident which occurred several years ago, in June of 1977; and inasmuch as legislative history is often determinative of legislative intent. *State v. Stovall*, Wyo., 648 P.2d 543 (1982); *Padilla v. State*, Wyo., 601 P.2d 189 (1979); *Town of Clearmont v. State Highway Commission*, Wyo., 357 P.2d 470 (1960).

Section 14–3–105, W.S.1977, now in effect and in effect since January 1, 1979, reads:

"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both."

It was enacted as part of Chapter 25, Session Laws of Wyoming, 1978. The same enactment recited that:

"Upon becoming nineteen (19) years of age, an individual reaches the age of majority * * *." Section 14–1–101, W.S. 1977.

■ The indecent liberties statute in effect when the incident occurred for which appellant was convicted, in June of 1977, read:

"It shall be unlawful for any person, including but not limited to parent, guardian or custodian knowingly to take immodest, immoral or indecent liberties with any such child or knowingly to cause or encourage any such child to cause or encourage another child to commit with him or her any immoral or indecent act.

"Any person who shall violate the provisions of this section shall be deemed guilty of a felony and upon conviction thereof shall be fined in any sum not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not to exceed ten (10) years, or by both such fine and imprisonment."

It was codified as § 14–28, W.S.1957, and enacted by § 8, Ch. 220, Session Laws of Wyoming, 1957 (Child Protection Act). The present statute omits specific reference to parents, guardians or custodians and it omits the word "such" modifying child. Section 7, the immediately preceding section of the Child Protection Act, made it a crime to solicit, procure or otherwise knowingly encourage "any female under the age of eighteen years to engage in illicit sexual intercourse." [1] Accordingly, the words "any such child" in § 8 describe a "female under the age of eighteen years." The accepted rule of construction is that "such" refers to the character of that which immediately precedes it unless a contrary legislative intent is evidenced. *Elementary School Districts 2, 3, and 10 of Campbell County v. District Boundary Board of Campbell County*, Wyo., 454 P.2d 237 (1969); *In re Tidball*, 40 F.2d 560 (D.C. Wyo.1930). Inasmuch as the last antecedent to "such" child in § 8 of the Act is a "female under the age of eighteen years" in § 7 thereof, the legislative intent was obviously to have § 8 pertain to an age under eighteen years. Chapter 70, § 2, Session Laws of Wyoming, 1977, amended § 7 to make one guilty of a felony who solicits for, procures for, or knowingly encourages anyone "under the age of sixteen years to engage in illicit sexual penetration or sexual intrusion." Section 8 was not

**1.** Preceding sections of the Act prohibited other actions jeopardizing the morals, health or welfare of children under the age of eighteen in one section and under the age of nineteen in three sections. The Act did not designate a child by any other age.

then amended or included in Chapter 70 and, thus, remained as enacted in 1957 with "any such child" referring to a "female under the age of eighteen years."

The sexual assault statute in effect at the time of this incident was enacted in 1977 as part of Chapter 70 of the Session Laws of Wyoming, 1977, with an effective date of May 27, 1977—the month previous to that in which this incident occurred. It was originally codified as § 6–63.5 in W.S. 1957, and it read:

"An actor who is at least four (4) years older than the victim and who inflicts sexual penetration or sexual intrusion on a victim under the age of sixteen (16) years is guilty of sexual assault in the fourth degree."

The penalty was fixed at imprisonment in the county jail for not more than one (1) year or, if previously convicted of a similar crime, at not less than one (1) nor more than five (5) years. Sexual intrusion and sexual penetration were defined to include that which was testified to by the victim in this case.

This section was slightly modified in 1982 and was numbered as § 6–2–304, W.S.1977. It was again amended in 1984 to read:

"(a) *Except under circumstances constituting a violation of W.S. 14–3–105,* an actor commits sexual assault in the third degree if:

"(i) The actor is at least four (4) years older than the victim and who inflicts sexual intrusion on a victim under the age of sixteen (16) years; or

"(ii) The actor is an adult and subjects a victim under the age of twelve (12) years to sexual contact without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim." (Emphasis added.) Session Laws of Wyoming, 1984, Ch. 44, § 2.

 Although not presented as an issue in this case, the fact that the statute cited in the information was not a statute in existence at the time of the incident is not reversible error in this instance inasmuch as the indecent liberties statute cited (§ 14–3–105, W.S.1977) is very similar to the indecent liberties statute in effect at the time of the incident (§ 14–28, W.S. 1957); inasmuch as the offense was otherwise sufficiently described to identify the statute alleged to have been violated; and inasmuch as appellant was not misled to his prejudice.

"* * * The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission or any other defect or imperfection which does not tend to prejudice any substantial right of the defendant upon the merits or to mislead the defendant to his prejudice shall not be grounds for dismissal of the indictment or information or for a reversal of a conviction. * * *" Rule 9(a), W.R.Cr.P.

See *United States v. Wagstaff,* 572 F.2d 270 (10th Cir.1978), and *Sonnier v. United States,* 314 F.2d 69 (4th Cir.1963).

## SUFFICIENCY OF THE EVIDENCE

 The victim twice testified that she was in Natrona County when the incident occurred. On cross-examination, her credibility was brought into question by her uncertainty as to the exact location of the county line. But the trier of fact gauged her credibility and made a determination that the incident occurred in Natrona County. This finding of venue was made on sufficient evidence. *Brown v. State,* Wyo., 581 P.2d 189 (1978). The trier of fact is the sole judge of the credibility of witnesses. *McCormick v. Sewell,* Wyo., 372 P.2d 481 (1962); *Stock v. Roebling,* Wyo., 459 P.2d 780 (1969). On appeal, we do not evaluate the evidence but only ascertain whether or not there was substantial evidence upon which the trier of fact made a finding. *Culver v. Sekulich,* 80 Wyo. 437, 344 P.2d 146 (1959). As often said, we accept as true the evidence of the successful party, leave out of consideration entirely the evidence of the unsuccessful party in conflict therewith, and give the evidence of the successful party every favorable inference

which may fairly and reasonably be drawn therefrom. *Farella v. Rumney*, Wyo., 649 P.2d 185 (1982); *Foster Lumber Company, Inc. v. Hume*, Wyo., 645 P.2d 1176 (1982); *Distad v. Cubin*, Wyo., 633 P.2d 167 (1981). We will not disturb the finding of the trial court that venue was in Natrona County.

### CONVICTION UNDER SECTION 14–3–105, W.S.1977 (SECTION 14–28, W.S.1957)

As noted supra, appellant contends that he was improperly charged and convicted under § 14–3–105, W.S.1977, for any one of four reasons:

*(a) Appellant contends that the victim was over the age of sixteen and thus was not a "child" as the term was used in § 14–3–105, W.S.1977 (§ 14–28, W.S.1957).*

■ The prime objective in construing a statute is ascertainment of legislative intent. *Sanches v. Sanches*, Wyo., 626 P.2d 61 (1981); *State ex rel. R.R. Crow & Company v. Copenhaver*, 64 Wyo. 1, 184 P.2d 594 (1947). Words of a statute are to be given their plain and ordinary meaning; and, if there is no ambiguity in the expression of intent, we cannot look for or impose a different meaning. *Hayes v. State*, Wyo., 599 P.2d 558 (1979); *Oroz v. Hayes*, Wyo., 598 P.2d 432 (1979); *Sanchez v. State*, Wyo., 567 P.2d 270 (1977).

■ As noted supra, the words "such child" in § 14–28, W.S.1957, referred to the immediately preceding characterization of a child, to-wit, one "under the age of eighteen years." The victim in this case was under eighteen years of age and the statute cannot be said to be inapplicable on the basis that she did not qualify under the age requirement.

*(b) Appellant contends that the use of the word "such" in § 14–3–105, W.S.1977 (§ 14–28, W.S.1957) resulted in an ambiguity, and that the ambiguity should be resolved in his favor inasmuch as the statute is a criminal one.*

■ An ambiguous statute is one which is uncertain and susceptible to more than one meaning. *Attletweedt v. State*, Wyo., 684 P.2d 812 (1984); *DeHerrera v. Herrera*, Wyo., 565 P.2d 479 (1977); *Natrona County v. Casper Air Service*, Wyo., 536 P.2d 142 (1975). Ambiguity exists when a word or a group of words in a statute is susceptible to more than one meaning. *Matter of Reed's Estate*, Wyo., 672 P.2d 829 (1983); *State ex rel. Albany County Weed and Pest District v. Board of County Commissioners of Albany County*, Wyo., 592 P.2d 1154 (1979).

■ When the accepted rule of construction relative to the word "such" having reference to the last antecedent to that which "such" modifies is applied, there is no ambiguity in this statute. It can be understood in only one way; it is definite in expression; it has but a single meaning, and that meaning is not uncertain. The legislative intent is plain. The pertinent age was set at under eighteen years.

*(c) Appellant contends that § 14–3–105, W.S.1977 (§ 14–28, W.S.1957), has been impliedly repealed by § 6–2–304, W.S. 1977 (§ 6–63.5, W.S.1957).*

We said in *Nehring v. Russell*, Wyo., 582 P.2d 67, 73 (1978):

"Repeals by implication are not favored, [citations] and while such implicit repeals have at times been found, [citations] the party so asserting bears 'the burden of demonstrating beyond question that the legislative body by its later action evinced an unequivocal purpose of effecting a repeal.' [Citation.] What must be shown is that the latter statute *is so repugnant to the earlier one that the two cannot stand together, or that the whole subject of the earlier statute is covered by the latter one having the same object, clearly intending to prescribe the only rules applicable to the subject.*" (Emphasis added.)

Not only was such an intent *not* clearly intended, but the contrary intent was clearly evidenced in more than one way. After enactment of § 6–63.5, W.S.1957 (§ 6–2–304, W.S.1977), the wording in § 14–3–105, W.S.1977 (§ 14–28, W.S.1957) was amended. Such would not happen if it had been

impliedly repealed at an earlier time. Additionally, when § 6–63.5 (§ 6–2–304) was enacted, a specific repealer section was included in the act. It did not repeal § 14–3–105 (§ 14–28). Not only did it not repeal such section, but it made specific reference to the continued existence of § 14–28 in setting forth the procedure to be followed after a defendant is convicted or pleads guilty to a sexual offense. Chapter 70, Session Laws of Wyoming, 1977, in addition to enacting that originally codified as § 6–63.5, W.S.1957, enacted that which was codified as § 7–348(a), W.S.1957, to read:

"The court shall proceed as provided in subsection (b) of this section whenever any person is convicted of or pleads guilty to sexual assault, W.S. 6–63.2 through 6–63.5, attempted sexual assault, W.S. 6–64, incest, W.S. 6–85, taking immodest, immoral or indecent liberties with any child under eighteen (18) years of age, or knowingly committing any immoral, indecent, or obscene act in the presence of any child under eighteen (18) years of age and causing or encouraging any child under eighteen (18) years of age to cause or encourage any other child to commit or attempt to commit with the person convicted, any immoral or indecent act, W.S. 14–7 and 14–28, and accosting, annoying or molesting any child under the age of eighteen (18) years, with intent to commit any unlawful act, W.S. 14–25."

Both the statute under which appellant was convicted (§ 14–28) and the one (§ 6–63.5) which appellant contends impliedly repealed the one under which he was convicted are contained in this section. This would not be if the intention of the legislature was to impliedly repeal § 14–28.

■ The legislative intent to maintain the existence of the indecent liberties statute, § 14–3–105, in spite of the enactment of § 6–2–304, was manifested and specifically stated when § 6–2–304 was amended in 1984 to begin: "Except under circumstances constituting a violation of W.S. 14–

3–105 * * *." The legislature never intended to repeal, by implication or otherwise, § 14–3–105 (§ 14–28).

*(d) Appellant contends that the provisions of § 6–2–304, W.S.1977 (§ 6–63.5, W.S.1957) should control over § 14–3–105, W.S.1977 (§ 14–28, W.S.1957) because it is the more specific of the two and they both cover the same subject.*

■ We have often stated that a special statute will govern where a general statute is inconsistent with a special statute pertaining to the same subject matter. *City of Rock Springs v. Police Protection Association,* Wyo., 610 P.2d 975 (1980); *Department of Revenue and Taxation v. Irvine,* Wyo., 589 P.2d 1295 (1979); *Thomas v. State,* Wyo., 562 P.2d 1287 (1977). However, appellant has not furnished us with any authority reflecting support for application of such rule to this instance. And it must be remembered that such is a rule of construction to which resort is had, as with all other rules of construction, only for the purpose of ascertaining legislative intent. *Wyoming State Department of Education v. Barber,* Wyo., 649 P.2d 681 (1982); *Houghton Brothers v. Yocum,* 40 Wyo. 57, 274 P. 10 (1929). In this instance, the legislative intent to continue the operative functions of § 14–3–105 (§ 14–28) was manifested as noted supra. The propriety of applying any rule of construction to further ascertain legislative intent would seem to be futile.

Beyond that, it is not immediately discernible as to which of the two statutes is the more specific. Sexual intrusion or penetration is an element of § 6–2–304 (§ 6–63.5) but is not a necessary element of § 14–3–105 (§ 14–28). Although the latter statute (at the time of the incident) is not limited to parents, guardians and custodians, the fact that they are specifically mentioned would indicate an intention to place a special onus on those with supervisory authority over minors—as appellant had over the victim in this case.[2] Both statutes involve sexual

**2.** Appellant was a law enforcement officer in charge of the Sheriff's Office Cadet Program;

the victim was a cadet in this program. The incident for which appellant was convicted oc-

activity, but they are not mutually exclusive. It is not uncommon for two valid statutes to prohibit the same type of conduct, or for the prosecutor to decide under which statute to charge a defendant. *Jerskey v. State*, Wyo., 546 P.2d 173 (1976); *State v. Grider*, 74 Wyo. 88, 288 P.2d 766 (1955); see Rules 11 and 12, W.R.Cr.P.

This is not an issue of double jeopardy. Appellant was not charged with violation of both statutes. He has not been given multiple sentences for the same act. *Loddy v. State*, Wyo., 502 P.2d 194 (1972). See *Marshall v. State*, Wyo., 646 P.2d 795 (1982).

With reference to the discussion in the dissenting opinion concerning age differential, § 6–2–304 (§ 6–63.5) is seriously flawed. Whether denominated rape or sexual assault, the crime established by the act of which the statute is a part is premised on infliction of sexual activity on a victim through *use of force* or by virtue of a substitute for force. *Wilson v. State*, Wyo., 655 P.2d 1246 (1982); *Tryon v. State*, Wyo., 567 P.2d 290 (1977); *Gonzales v. State*, Wyo., 516 P.2d 592 (1973). Historically, the several jurisdictions have fixed an age by statute below which a victim could not give an informed consent, which fact would be one of the substitutes for force. In other words, the age under which one could not give valid consent to sexual activity is a substitute for force. *Ross v. State*, 16 Wyo. 285, 93 P. 299, reh. denied 94 P. 217 (1907).

Section 6–2–304 (§ 6–63.5) sets this age at under sixteen. However, it also provides that the victim has the ability to give a consent which will be valid if the actor is no more than four years older than the victim. This is an inconsistency and is not rational. If one is too young to give a valid

consent to sexual activity with a person five years older than she, how can she not be too young to do so when the sexual activity is by a person three years older than she? In other words, if the ability to give a valid consent is lacking because of the age of the victim, the ability is lacking regardless of the age of the actor, or regardless of any other exterior factor. The inability to give consent is a substitute for force in the elements of the crime. Simply because the actor is of a designated age, or has blue eyes, or has any other characteristic does not change the mental ability of the victim to be informed as to the full import of her consent if age makes the inability to consent a substitute for force. It does so regardless of the age or other characteristic of the actor. In this respect the statute is internally inconsistent and irrational. It cannot be said to set forth a usable criminal violation more specific than does the indecent liberties statute.

Affirmed.

ROSE, Justice, dissenting.

I adhere to my position developed in *Ketcham v. State*, Wyo., 618 P.2d 1356, 1362 et seq. (1980) (Rose, J., dissenting, with whom McClintock, J., joins), that Wyoming law does not prohibit the sort of consensual sexual activity involved in this appeal. Accordingly, I join in the dissent of Justice Cardine to the extent that it supports the conclusion that our sexual-assault statutes, and not our indecent-liberties statute, define the criminality of sexual activity between persons over 15 years old or less than four years apart in age.

The conflict between the two statutory schemes is inescapable. The sexual-assault statutes[1] define consensual sexual penetra-

---

curred while the appellant and victim were on patrol.

**1.** The statutes in effect at the time of the incident involved in this appeal provided:

"*Sexual assault in the fourth degree.*—An actor who is at least four (4) years older than the victim and who inflicts sexual penetration or sexual intrusion on a victim under the age of sixteen (16) years is guilty of sexual assault in

the fourth degree." Section 6–63.5, W.S.1957, 1977 Interim Supp.

"*Penalties for sexual assault.*—* * *

\* \* \* \* \* \*

"(iv) For sexual assault in the fourth degree, imprisonment in the county jail for not more than one (1) year." Section 6–63.-6(a)(iv), W.S.1957, 1977 Interim Supp.

The current sexual-assault statutes define the offense as a felony:

tion as a crime only if the child is under 16 and the defendant is at least four years older than the child. The indecent-liberties statute,[2] on the other hand, provides for up to ten years' imprisonment for any person who so much as consensually touches the clothed breast of a girl under 19. *Sorenson v. State*, Wyo., 604 P.2d 1031 (1979). Specifically, the indecent-liberties statute criminalizes the conduct involved in this appeal—consensual sexual intercourse between persons over 15 years of age—while the sexual-assault statutes decriminalize that same conduct. We are not free to ignore this contradiction, and, therefore, must resort to rules of statutory construction to harmonize these enactments dealing with the same subject matter. *Capwell v. State*, Wyo., 686 P.2d 1148 (1984).

I agree with Justice Cardine that the specific sexual-assault statutes control over the more general indecent-liberties provisions. I also join in his position that doubts as to the construction of penal statutes must be resolved in favor of the defendant. *Horn v. State*, Wyo., 556 P.2d 925, 927 (1972). Application of these rules leads me to conclude that the sexual-assault statutes govern the criminality of consensual sexual

"(a) Except under circumstances constituting a violation of W.S. 14–3–105, an actor commits sexual assault in the third degree if:
"(i) The actor is at least four (4) years older than the victim and who inflicts sexual intrusion on a victim under the age of sixteen (16) years; or
"(ii) The actor is an adult and subjects a victim under the age of twelve (12) years to sexual contact without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim." Section 6–2–304, W.S.1977, 1984 Cum.Supp.
"(iii) Sexual assault in the third degree is a felony punishable by imprisonment for not more than five (5) years; * * *" Section 6–2–306(a)(iii), W.S.1977.

2. Section 14–3–105, W.S.1977, is substantially similar to the indecent-liberties statute in effect at the time of the incident and provides:
"Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars

conduct—including but not limited to sexual penetration—between persons over 15 or less than four years apart in age. Therefore, I would hold that the consensual sexual intercourse involved in this appeal does not constitute a crime under Wyoming law.

CARDINE, Justice, dissenting, with whom ROSE, Justice, partially joins.

During June 1977, appellant and a girl, within five months of being seventeen years of age, engaged in consensual sexual intercourse. On December 21, 1982, five and one-half years later as a result of an investigation into the activities of others, this incident was reported by the girl to the sheriff's office. In an information filed February 2, 1983, appellant was charged with taking "immodest, immoral or indecent liberties with a child" in violation of § 14–3–105, W.S.1977,[1] hereafter called the indecent liberties statute. He was convicted and sentenced to one to two years in prison.

Two questions addressed in this dissent make it clear that appellant was incorrectly charged under the indecent liberties statute. They are:

($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both."

1. Section 14–3–105, W.S.1977, was a reenactment of the statute in effect at the time of this incident; § 14–2–112, W.S.1977, then in effect, provided:
"(a) It shall be unlawful for any person, including but not limited to parent, guardian or custodian knowingly to take immodest, immoral or indecent liberties with any such child or knowingly to cause or encourage any such child to cause or encourage another child to commit with him or her any immoral or indecent act.
"(b) Any person who shall violate the provisions of this section shall be deemed guilty of a felony and upon conviction thereof shall be fined in any sum not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not to exceed ten (10) years, or by both such fine and imprisonment."
See majority opinion for a discussion that the charge was brought under a statute not then in effect but held not to be prejudicial to appellant.

(1) Is a "child" a person under the age of 16 years or one under the age of 18 years as the majority opinion concludes? (2) Does the indecent liberties statute apply to sex crimes involving sexual intrusion or penetration in any event?

### AGE OF A CHILD

The indecent liberties statute does not tell us who is a child. If a child is one under the age of sixteen years, appellant could not have been charged with violation of the indecent liberties statute because the girl here was over the age of sixteen. This court in the majority opinion, by referring to what it claims to be the statute immediately preceding, construes the words "any such child" found in the indecent liberties statute to mean *a female under the age of eighteen years.* The court is mistaken in the statute it refers to, for the statute which preceded the indecent liberties statute and which was in effect on the date this incident occurred was § 14–2–111, W.S. 1977, which provided:

"Anyone who solicits for, procures for, or knowingly encourages anyone under *the age of sixteen (16) years* to engage in illicit sexual penetration or sexual intrusion as defined in W.S. 6–63.1 [§ 6–4–301] is guilty of a felony, and upon conviction shall be punished by imprisonment for a term not to exceed five (5) years." (Emphasis added.)

It is true that prior to the revision of the preceding statute by enactment of § 14–2–111, W.S.1977, supra, the age specified was eighteen years. I would conclude that it was the intent of the legislature to reduce the age specified to sixteen years. That result would be in accord with

" * * * a general rule, in the construction of compilations, revisions, or codes, that when a provision is plain and unambiguous the court cannot refer to the original statute for the purpose of ascertaining its meaning." 73 Am.Jur.2d Statutes § 325.

The majority opinion is incorrect on two counts. First, the statute defines "any such child" as a person under the age of sixteen years, not eighteen years of age as stated by the majority. Second, the statute does not restrict itself to females but pertains to *anyone* under the age of sixteen years. Applying the statute in effect at the time of this incident, § 14–2–111, supra, to the determination of who is a child under the indecent liberties statute, it is apparent that a child is one under the age of sixteen years. That being so, appellant should not have been charged with violation of the indecent liberties statute as it existed at the time of this incident since the girl involved was over the age of sixteen years.

### SEXUAL ASSAULT STATUTE APPLIES

The majority opinion insists, nevertheless, that the indecent liberties statute pertains to sexual intercourse involving females under the age of eighteen years. To so construe the statute means that consensual sexual intercourse between a boy eighteen years of age and a girl one day shy of being eighteen years of age is immoral, immodest, and indecent and that the boy is guilty of a felony which may result in imprisonment for ten years.

This construction of the indecent liberties statute is clearly contrary to what the legislature intended in adopting child abuse and sexual assault statutes. At the time the indecent liberties statute was reenacted in 1977, the legislature enacted a comprehensive sexual assault statute which set forth with specificity the instances in which sexual intercourse was to be a crime in the state of Wyoming. The sexual assault statutes provided in part as follows:

"(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits a sexual assault in the first degree if:

"(i) The actor causes submission of the victim through * * * physical force or forcible confinement." Section 6–63.2, W.S.1957.

"(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second de-

gree if, under circumstances not constituted sexual assault in the first degree:

\* \* \* \* \* \*

"(vi) The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit." Section 6–63.3, W.S.1957.

"An actor who is at least four (4) years older than the victim and who inflicts sexual penetration or sexual intrusion on a victim under the age of sixteen (16) years is guilty of sexual assault in the fourth degree." Section 6–63.5, W.S. 1957.

The opinion of the majority states that the sexual assault statute, § 6–2–304, W.S. 1977 (§ 6–63.5), is not more specific than the indecent liberties statute because the victim under the sexual assault statute "has the ability to give a consent which will be valid if the actor is no more than four years older than the victim [but invalid if five years older]." The opinion goes on to state, "[t]his is an inconsistency and is not rational."

The rationale behind consideration being given the age differential between the parties is best stated in the Model Penal Code, Tentative Draft No. 4 (1955), at pages 253–254:

"The rationale of statutory rape is victimization of immaturity. It seems necessary, therefore, to recognize that immature males may themselves be victims of adolescence rather than engaged in exploitation of others' experience. \* \* \* The most convenient way to give effect to the victimization rationale is to require a substantial age differential in favor of the male. \* \* \*. Certainly, existing statutory provisions under which the rape label is applied to sexual experimentation by a girl just under and a boy just over 16 seem harsh and unreasonable."

The subject is a difficult one with which to deal. There is wide disagreement over what the age of consent ought to be. The difference in ages does and should make a difference, otherwise we would be sentencing to prison sixteen-year-old boys who are no more knowledgeable, mature or capable

of wise judgment than a girl about the same age. The legislature has established sixteen years as the age of consent and the effect of age upon the criminality of the act. That is the function of the legislature, and this court must give effect to the statutes pertaining to sexual assault—which I see as clear and unambiguous pronouncements.

The indecent liberties statute and the sexual assault statute both deal with sex crimes. It was contended that they were clearly in conflict, that one was specific and the other was general, and that the specific statute effected a repealer of the general statute. Justice Rose, in *Ketcham v. State*, Wyo., 618 P.2d 1356, 1364 (1980), analyzing this question in his dissenting opinion, stated:

"I feel that repeal-by-implication analysis is not an appropriate way to resolve the conflict between the fourth-degree-sexual-assault statute and the indecent-liberties statute."

The majority in this case holds that it was not the intent of the legislature that either statute work a repealer of the other. I am in full agreement with that holding and am convinced that the statutes do not conflict; they deal with different areas of the broad spectrum of sex crimes and can stand together.

Sexual penetration is defined in § 6–63.1, W.S.1957, supra, as "sexual intercourse." The age of consent under § 6–63.5, W.S. 1957, supra, is sixteen years of age.

There can be no serious argument but that the sexual assault statute is a specific statute that deals with sexual penetration either as a result of force, consent, or involving a female under the age of twelve years or under the age of sixteen years. It deals specifically with what formerly was referred to as rape. In *Capwell v. State*, Wyo., 686 P.2d 1148, 1151 (1984), we said:

"A statute making rape a crime was first adopted in Wyoming in 1899 \* \* \* [and] remained in effect until 1977 when the legislature undertook a comprehensive revision of the statutes \* \* \* [and] sub-

stituted the term 'sexual assault' for the term 'rape' * * *."

Rape seems specific. Sexual penetration to me seems specific. It is defined in § 6–63.-1, W.S.1957, supra, as sexual intercourse, and that seems specific. I would find that the sexual assault statute deals with a narrow area of sex crime, sexual penetration or intrusion, sexual intercourse, and that is specific as opposed to being general.

Extended argument seems unnecessary to also hold that § 14–3–105, W.S.1977, supra, making it unlawful to take "immodest, immoral or indecent liberties with any child," is a general statute rather than specific. Justice Rooney conceded as much when, in considering the constitutionality of this indecent liberties statute in *Sorenson v. State*, Wyo., 604 P.2d 1031, 1033 (1979), he quoted from *Rose v. Locke*, 423 U.S. 48, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975):

> " 'Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid.' "

Justice Rooney then proceeded to consult the dictionary to determine the meaning of "immoral, immodest, and indecent" liberties. He then, quoting from the opinions of other courts, stated: " 'True, what shall be regarded as "immodest, immoral and indecent liberties" is not specified with particularity * * *.' " And he further quoted: " 'The root of the vagueness doctrine is a rough idea of fairness.' "

In construing statutes and determining the intent of the legislature with respect to each,

> "[w]e presume that the legislature enacts legislation with full knowledge of existing law and with reference to other statutes and decisions of the courts. Such legislation should, therefore, be construed in a way that creates a consistency and harmony within the existing law. *Civic Ass'n of Wyoming v. Railway Motor Fuels*, 57 Wyo. 213, 116 P.2d 236 (1941). Statutes should be construed in pari materia and if the special act is

inconsistent with the general law, the provisions of the special act will control, *Carpenter & Carpenter, Inc. v. Kingham*, 56 Wyo. 314, 109 P.2d 463 (1941). " ' * * * "It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment. Where the special statute is later, it will be regarded as an exception to or qualification of the prior general one; and where the general act is later the special statute will be considered as remaining an exception to its terms unless it is repealed in general words or by necessary implication." ' 2A Sutherland Statutory Construction (4th Ed.1973), p. 315." *Capwell v. State*, supra at 1152.

Our sexual assault statutes, §§ 6–63.1 through 6–63.13, W.S.1957, supra, deal specifically with the criminality or lack of criminality of sexual intercourse whether resulting from force or consensual. It is the specific statute, and it governs in this case. Section 14–3–105 was reenacted after the adoption of the sexual assault statute, and it evidenced a clear intent on the part of the legislature that this statute should govern the criminality of other sexual conduct not involving sexual penetration or sexual intercourse. As we stated in *Capwell v. State*, supra at 1153:

> "This construction gives effect to both statutes and a policy that ambiguity concerning the application of criminal statutes should be resolved in favor of lenity. * * * "

Applying the above principles to this case, we have a woman who was within five months of being seventeen years of age. She candidly admitted in her testimony that the sexual intercourse with appellant was consensual. A fair inference from her testimony and from the five-and-one-half-year delay in reporting the incident would indicate she had no wish to prosecute nor did she believe what occurred was a crime. In fact, under our sexual assault statute,

§ 6–63.5, W.S.1957, supra, it is doubtful that there was a crime.

I recognize that here appellant was a law enforcement officer and that there may be a natural bias on the part of society against one who is entrusted with enforcing our laws having sexual relations with a girl not quite seventeen, apparently while on duty. If this law enforcement officer used his position of authority to cause submission, that was the crime of second degree sexual assault under § 6–63.3, W.S.1957, supra, and carries a penalty of one to twenty years in prison. Appellant was not charged with this crime; and the record would seem to indicate that the facts of the incident would not support that charge, but that may not be so.

I would hold that where the incident charged involves sexual penetration or sexual intercourse as in this case, whether as a result of force or consent, the sexual assault statute is the statute under which the charge should be filed. I would, therefore, reverse and remand this case to the trial court.